UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEASE AND RENTAL MANAGEMENT CORP. D/B/A AUTO-USE,<br>　　　　　　　　　　　Plaintiff<br><br>v.<br><br>JOHN W. SUYDAM, D/B/A WORLD CLASS AUTO,<br>　　　　　　　　　　　Defendant | Case No. 05-11684NG |

## **PLAINTIFF'S MOTION PURSUANT TO RULE 11 FOR SANCTIONS**

The plaintiff moves that Rule 11 sanctions be determined and assessed against the defendant and its attorney and, as grounds for its motion, the plaintiff states:

1.　　Rule 11 of the Federal Rules of Civil Procedures provides:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written notice, or other papers, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,....
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or <u>needless increase in the cost of litigation</u>;
>
> (2) the <u>claims</u>, defenses, and other legal contentions therein are <u>warranted by existing law</u> or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) <u>the allegations and other factual contentions have evidentiary support</u> or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery.

(emphasis added).

2.　　In <u>Lichtenstein v. Consolidated Services Group, Inc.</u>, 173 F.3d 17, 23 (1st Cir. 1999), the First Circuit Court of Appeals stated:

> Whether a litigant breaches his or her duty to conduct a reasonable inquiry into the facts and the law "depends on the <u>objective reasonableness of the litigant's conduct under the totality of the circumstances</u>." *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir. 1992). The factors to be assessed may include "the complexity of the subject matter, the party's familiarity with it, the time available for the inquiry, and the ease (or difficulty)

of access to the requisite information." *Id.* (emphasis added).

3.   In the present instance, the defendant and its counsel failed to remove the original small claims action filed in the Lawrence District Court within thirty (30) days of service of process on it but, rather, filed an answer and a counterclaim on May 5, 2004 requesting damages in an amount of $95,000 and had this case removed from the small claims session to the main civil docket of the Lawrence District Court.

4.   By letter dated August 16, 2005, a copy of which is annexed hereto, the plaintiff made demand on the defendant to dismiss its removal, which it did not enter in this court until August 15, 2005. Unquestionably, the defendant failed to comply with the time restraints contained in 28 USC § 1446(B).

5.   It Is submitted that the defendant's Notice of Removal was filed in bad faith and that this type of conduct should not be condoned and that this is a horn book violation and comports with the rationale that underscores Rule 11.

Respectfully submitted,

LEASE AND RENTAL MANAGEMENT CORP.,
d/b/a AUTO-USE, Plaintiff
By its Attorney


/s/ Evans J. Carter
Evans J. Carter, Esq. (BBO # 076560)
Evans J. Carter, P.C.
P.O. Box 966*
Framingham, MA  01701
(508) 620-0140*

DATED:  August 18, 2005

*Prior to 8/29/05 only, then P.O. Box 812 / 508-875-1669

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax     (508) 875-7728

August 16, 2005

*BY FAX (978-975-4542) & MAIL*

Domenic S. Terranova, Esq.
2350 Turnpike Street
North Andover, MA 01845-6347

      Re:    Lease and Rental Management Corp., d/b/a Auto-Use
      vs.    John W. Suydam, d/b/a World Class Auto
             U.S.D.C., Civil Action No. 05-11684NG

Dear Mr. Terranova:

      I have been retained by Lease and Rental Management Corp., d/b/a Auto-Use, with regard to your Notice of Removal of this action that was originally a small claims case in the Lawrence Division of the District Court, Division of the Massachusetts Trial Court.

      I am herewith providing you with a safe harbor notice, as I believe that removing said case to the U.S. District Court is a clear violation of Rule 11 and sanctionable.

      I understand that you removed this case to avoid a trial that is scheduled for Friday, August 19, 2005. I have enclosed a copies of 29 USC Section 1446(b), which requires that any removal to the U.S. District Court must be done in or within thirty (30) days after service of the summons on the defendant, the Trial Order and your Notice of Appearance, dated January 26, 2004. Your removal is over 17 months late!

      I now demand that you dismiss the pending U.S. District Court case, described above, by tomorrow. If you fail to take this action by tomorrow, then my client has requested me to file a Motion to Dismiss this case and for sanctions.

      I believe that your removing this case over 17 months late for the purpose of avoiding a trial on Friday, is a clear violation of Rule 11 within no extenuating circumstances or conditions.

      I consider this to be a serious breach of ethics.

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

Domenic S. Terranova, Esq.
Page No. 2
August 16, 2005

Awaiting your reply, I remain

                              Very truly yours,

                              EVANS J. CARTER

EJC/aec
Enclosures

# DOMENIC S. TERRANOVA

ATTORNEY -AT- LAW
2350 TURNPIKE STREET
NORTH ANDOVER, MASSACHUSETTS 01845-6347

TEL (978) 975-4540
FAX (978) 975-4542

26 January 2004

Kenneth MacGrath                BY FAX AND REGULAR MAIL
Lease and Rental Management Corp.
45 Haverhill Street
Andover, MA 01810

Glenn Boghosian, Esq.,          BY FAX AND REGULAR MAIL
45 Haverhill Street
Andover, MA 01810

Re: Lease and Rental Management Corp. v. John W. Suydam
    Lawrence District Court - #0318SC0106

Gentlemen:

This letter confirms that I represent the Defendant in the above-captioned small claim action. I attach hereto copies of my notice of appearance and assented to motion to reschedule the hearing of the case on the merits to Monday, February 23, 2004 at 9:00 AM.

I expect to discuss this action further with my client, after which I shall review the matter with you.

Thank you for your courtesy.

Please call me if you have any questions.

Very truly yours,

Domenic S. Terranova

DST:so
Enclosures (2)
Cc: John W. Suydam (w/encls)

Laws: Cases and Codes : U.S. Code : Title 28 : Section 1446

[_____]  [Search]  [Title 28]

- United States Code
  - TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE
    - PART IV - JURISDICTION AND VENUE
      - CHAPTER 89 - DISTRICT COURTS; REMOVAL OF CASES FROM STATE

U.S. Code as of: 01/22/02

### Section 1446. Procedure for removal

Related Res

   (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
   (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
   If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
   (c)(1) A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
   (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
   (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

Judiciary Leg

Litigation Leg

U.S. Legal
    Summa

Judiciary Dis

Section 1446. Procedure for removal
Page 2 of 2
Case 1:05-cv-11684-NG    Document 4    Filed 08/18/2005    Page 7 of 10

(4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

(5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

(e) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court.

(f) With respect to any counterclaim removed to a district court pursuant to section 337(c) of the Tariff Act of 1930, the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required in such cases and the counterclaim shall relate back to the date of the original complaint in the proceeding before the International Trade Commission under section 337 of that Act.

**Previous**          **[Notes]**          **Next**

| TRIAL ORDER | DOCKET NO. 0418CV00528 | Trial Court of Massachusetts District Court Department |
|---|---|---|
| PLAINTIFF(S) Lease and Rental Management Corp. DBA Auto Loan | | COURT DIVISION |
| VS. DEFENDANT(S) John W. Suydam D/B/A World Class Auto | | Lawrence District Court Fenton Judicial Center 2 Appleton Street Lawrence, MA 01840-1525 |

After pretrial/conciliation conference and upon scheduling of this matter for trial on **8-19-05** TRIAL DATE

at **9:00 a.m.** before the Court ( **Thomas M. Brennan** , J.) it is ORDERED as follows.
TIME                                    JUDGE'S NAME

1. **Witness Lists.** Counsel for each party shall submit a list of witnesses expected to testify at trial, containing the name and address of each prospective witness, to the trial judge at the beginning of the trial. Persons not included in such lists may be precluded from testifying, in the discretion of the trial judge.

2. **Agreed Exhibits.** Counsel for each party shall confer in advance of the trial for the purpose of agreeing to exhibits for trial. All agreed exhibits shall be pre-marked by counsel with exhibit labels bearing numerical designations (e.g., Exhibit 1, Exhibit 2, etc.) Counsel shall submit a list of Agreed Exhibits, containing the exhibit numbers and a summary description of each exhibit, to the trial judge at the beginning of the trial.

3. **Proposed Exhibits.** All proposed exhibits on which counsel do not agree shall be pre-marked by counsel for the offering party with exhibit labels bearing alphabetical designations for identification (e.g., Plaintiff's Exhibit A for ID, Defendant's Exhibit A for ID, etc.) Each counsel shall submit a list of proposed exhibits, containing the exhibit letters and summary descriptions of the exhibits, to the trial judge at the beginning of the trial. Any exhibit offered at trial which is neither agreed to nor identified on the proposed exhibits lists may be precluded, in the discretion of the trial judge.

4. **Stipulations.** Counsel for each party shall confer in advance of the trial for the purpose of stipulating to all material facts which are not in dispute. Counsel shall submit a list of any stipulations to the trial judge at the beginning of the trial.

5. **Audio-Visual Expert Witness Depositions for Trial.** To reduce the expense of litigation and to avoid delay of trial because of unavailability of expert witnesses, leave is hereby granted for any party, upon notice to opposing counsel and in accordance with Mass. R. Civ. P. 30A(m), to conduct audio-visual dispositions of their treating physician or other expert witnesses in lieu of oral testimony at trial. Notwithstanding Mass. R. Civ. P. 30A(m)(2) & (4), notice of the audio-visual deposition may be served simultaneously with service of the witness' curriculum vitae and written report, and evidentiary objections shall be filed with the trial judge at the beginning of the trial. Any objections to this procedure shall be filed and heard as discovery motions in advance of the trial date.

6. **Summaries of Voluminous Exhibits.** Counsel are encouraged to prepare summaries of voluminous exhibits, such as medical records and bills, to assist the trial judge's review of the facts. See Proposed Mass. R. Evid. 1006 (1980).

7. **Non-Massachusetts Authorities.** Counsel who submit any requested rulings of law, jury instructions or memoranda of law which cite federal or other non-Massachusetts cases and statutes are requested to append copies of such cases or statutes for the convenience of the trial judge.

8. **Proposed Jury Instructions.** In cases to be tried to a jury, counsel are directed to file any requested jury instructions with the court before the trial begins, without prejudice to supplementation of such request at the close of the evidence. For the convenience of the trial judge, requested jury instructions shall be consecutively numbered with instructions concerning separate topics listed on separate pages.

(SEE REVERSE SIDE FOR ADDITIONAL INSTRUCTIONS)

9. **Continuances.** Any motions for continuance of the trial date shall include affidavits of counsel in accordance with Mass. R. Civ. P. 40 and shall be sent directly to the attention of __Maria T. Abascal First Assistant Clerk__
   NAME AND TITLE
   to expedite decision by the Justice assigned to the Civil Trial Session or, if that Justice is not available, by the First Justice. Trial dates may be continued for good cause only.

10. **Settlement.** Counsel in cases which settle before the trial date shall notify __Donna M. Bellandi-Case Specialist__
    NAME AND TITLE
    at __978-687-7184 x2316__ to permit scheduling of other cases for trial.
    TELEPHONE NO.

_____
Justice                                    Date

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
DISTRICT COURT DEPARTMENT

LAWRENCE DIVISION        SMALL CLAIM NO. 0318SC0106

LEASE AND RENTAL MANAGEMENT CORP.
D/B/A AUTO LOAN, PLAINTIFF

V.

JOHN W. SUYDAM, D/B/A
WORLD CLASS AUTO, DEFENDANT

### NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE NAMED COURT:

Please enter my appearance as attorney for the Defendant, JOHN W. SUYDAM, d/b/a World Class Auto, in the above entitled case.

Dated: January 26, 2004

                                 John W. Suydam, d/b/a
                                 World Class Auto
                                 by this attorney,

                                 Domenic S. Terranova, Esq.
                                 BBO #494740
                                 2350 Turnpike Street
                                 North Andover, MA 01845-6347
                                 Tel. (978) 975-4540
                                 FAX  (978) 975-4542

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEASE AND RENTAL MANAGEMENT CORP. D/B/A AUTO-USE,<br><br>Plaintiff<br><br>v.<br><br>JOHN W. SUYDAM, D/B/A WORLD CLASS AUTO,<br><br>Defendant | Case No. 05-11684NG |

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), I certify that counsel for the plaintiff, Lease and Rental Management Corp., d/b/a Auto-Use, conferred by letter with counsel for the defendant and attempted, in good faith, to resolve or narrow the issues presented in plaintiff's Motion Pursuant to Rule 11 for Sanctions..

Respectfully submitted,

LEASE AND RENTAL MANAGEMENT CORP.,
d/b/a AUTO-USE, Plaintiff
By its Attorney

_____
Evans J. Carter, Esq. (BBO # 076560)
Evans J. Carter, P.C.
P.O. Box 966*
Framingham, MA 01701
(508) 620-0140*

DATED:   August 18, 2005

*Prior to 8/29/05 only, then P.O. Box 812 / 508-875-1669