| Civil DOCKET | DOCKET NUMBER 200418CV000528 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| CASE NAME | CURRENT COURT |
|---|---|
| LEASE AND RENTAL MANAGEMENT CORP D/B/A AUTO LOAN  vs.  JOHN W SUYDAM D/B/A WORLD CLASS AUTO | Lawrence District Court<br>2 Appleton Street<br>Fenton Judicial Center<br>Lawrence, MA 01840-1525<br>(978) 687-7184 |

| ASSOCIATED DOCKET NO. | DATE FILED | DATE DISPOSED | |
|---|---|---|---|
| 200318SC0106 | 06/01/2004 | 00/00/0000 | |

| PLAINTIFF(S) | PLAINTIFF'S ATTORNEY |
|---|---|
| P01   LEASE AND RENTAL MANAGEMENT CORP   D/B/A  AUTO LOAN | GLENN DOUGLAS BOGHOSIAN<br>45 HAVERHILL STREET<br>ANDOVER, MA 01810<br>(978) 475-4883 |

O5cv11684

**A TRUE COPY ATTEST**

_[signature]_ CLERK

| DEFENDANT(S)/OTHER SINGLE PARTIES | DEFENDANT'S ATTORNEY |
|---|---|
| D01   JOHN W SUYDAM  D/B/A  WORLD CLASS AUTO | DOMENIC S. TERRANOVA<br>2350 TURNPIKE STREET<br>NORTH ANDO, MA 01845<br>(978) 975-4540 |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 06/02/2004 | On June 1, 2004 All papers transferred from Small Claims Dept. as allowed by motion of May 12, 2004. Docket Number 0318SC106. (Abascal FACM) |
| 2 | 06/02/2004 | ANNUAL CIVIL LITIGATION FEE DUE TO BE ASSESSED on 06/01/2005 05:00 PM. |
| 3 | 06/15/2004 | On June 14, 2004 Answer to counterclaim of D01  JOHN W SUYDAM filed by P01  LEASE AND RENTAL MANAGEMENT CORP. |
| 4 | 06/15/2004 | CASE MANAGEMENT CONFERENCE SCHEDULED for 02/08/2005 11:00 AM (Dist Ct Standing Order 1-98). |
| 5 | 06/15/2004 | Notice of case management conference sent to parties. |
| 6 | 03/11/2005 | ANNUAL FEE TO BE ASSESSED SCHEDULED on 06/01/2005 CANCELED. Reason: Other. (Repeal of civ. lit. fee. ) |
| 7 | 03/11/2005 | Feb.8, 05- Case management conference held (Dist Ct Standing Order 1-98) ( Abascal, First AC-M Maria ). Both parties present; case scheduled for PT Jun.15, 05 @2:30 p.m. Notices given in hand. |

| | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK  X | DATE |
|---|---|---|---|
| Page 1 of 2 | | | |

**DOCKET CONTINUATION**

DOCKET NUMBER

**200418CV000528**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 03/11/2005 | PRETRIAL CONFERENCE SCHEDULED for 06/15/2005 02:30 PM. |
| 9 | 04/08/2005 | Apr.8, 05- Motion to compel discovery (Mass.R.Civ.P. 37[a]) filed by P01  LEASE AND RENTAL MANAGEMENT CORP. |
| 10 | 04/08/2005 | MOTION SCHEDULED FOR HEARING on 04/21/2005 09:00 AM. |
| 11 | 04/15/2005 | Filed on 4/14/05.  Cross Motion to compel discovery (Mass.R.Civ.P. 37[a]) filed by D01  JOHN W SUYDAM. |
| 12 | 04/21/2005 | MOTION SCHEDULED on 04/21/2005 09:00 AM RESCHEDULED for 05/05/2005 09:00 AM. Reason: Request of all parties. (Both parties came into clerk's office on 4/21/05 to reschedule in person; confirm. in writing coming) |
| 13 | 05/10/2005 | Plaintiff's Motion to compel response to request for production of documents heard and ALLOWED.  Discovery by 5/31/05. ( Geary, Jr., Hon. James M. ) (Tape 05ldc-2-062 from 2142 to 3676 ). |
| 14 | 05/10/2005 | Defendant's Motion to compel production of documents to plaintiff heard and ALLOWED.  Discovery by 5/31/05.   ( Geary, Jr., Hon. James M. ) (Tape 05ldc-2-062 from 2142 to 3676 ).  Notice iss |
| 15 | 06/16/2005 | Jun.15, 05- Pretrial conference held ( Geary, Jr., Hon. James M. ). Both parties present; case scheduled for JT Nov. 16, 05. 05-ldc-6-043 (0-696)  Notices given in hand. 042-(2580-37170) |
| 16 | 06/16/2005 | JURY TRIAL SCHEDULED for 11/16/2005 11:00 AM. |
| 17 | 06/16/2005 | Jun.15, 05- Separate Pretrial Memorandum filed in court by D01  JOHN W SUYDAM.Judge's Ruling: By Agreement , defendant in corporate capacity and individually as guarantecr waived right to jury trial(See agent)  Copies of ruling issued. |
| 18 | 06/16/2005 | Jun. 15, 05-Affidavit of DOMENIC S. TERRANOVA filed in court. |
| 19 | 06/16/2005 | Jun.15, 05-  Affidavit of D01  JOHN W SUYDAM filed filed in court. |
| 20 | 06/16/2005 | Jun.15, 05- Pretrial Memorandum filed by P01  LEASE AND RENTAL MANAGEMENT CORP. |
| 21 | 06/17/2005 | JURY TRIAL SCHEDULED on 11/16/2005 CANCELED. Reason: Clerical error. |
| 22 | 06/17/2005 | BENCH TRIAL SCHEDULED for 08/19/2005 11:00 AM. |
| 23 | 08/16/2005 | Jun.17, 05- Copy of contract between the parties. |
| 24 | 08/17/2005 | Aug. 15, 05- Defendant has removed this case to U.S. District Court in Boston. Copy of Removal Notice is included. Case is assigned number 05-11684-NG. |
| 25 | 08/17/2005 | BENCH TRIAL SCHEDULED on 08/19/2005 CANCELED. Reason: Other. (Case removed to U.S. District Court by defendant.) |
| 26 | 08/17/2005 | Case Inactivated: No future events scheduled. |
| 27 | 08/17/2005 | Certified copy of docket case issued to DOMENIC S. TERRANOVA. Paid. |

A TRUE COPY ATTEST

CLERK

| | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK | X | DATE |
|---|---|---|---|---|
| Page 2 of 2 | | | | |

# DOMENIC S. TERRANOVA

ATTORNEY -AT- LAW
2350 TURNPIKE STREET
NORTH ANDOVER, MASSACHUSETTS 01845-6347

-------

TEL (978) 975-4540
FAX (978) 975-4542

15 August 2005

**A TRUE COPY ATTEST**

Civil Clerk's Office       FEDEX 8435 0906 3695
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840

Re:  Lease and Rental Management Corp.
     v. John W. Suydam d/b/a World Class Auto
     Lawrence District Court - #0418 CV 0528

Dear Sir/Madam:

Be advised that John W. Suydam the defendant in the above cap-
tioned action has removed this civil action to the United States
District Court for Massachusetts, located at One Courthouse
Lane, Boston, MA 02210 where it has been assigned docket number
05-11684-NG.  A copy of the removal notice, duly stamped by the
Clerk of that court, is enclosed with this letter.

Kindly make certified copies of the docket sheet and all plead-
ings in this action and forward those materials to the Clerk for
Civil Business at the United States District Court for Massachu-
setts at One Courthouse Lane, Boston, MA 02210. I have enclosed
my check (limited to $100.00) as payment of the costs for the
copies and postage to that court.

Please send me a copy of your transmittal letter to the US Dis-
trict Court using the return envelope I have provided.

Thank you for your attention to this letter.

Very truly yours,

Domenic S. Terranova

DST:so
Enclosures (2)
CTA CHECK #12605
cc:  Glenn Boghosian, Esq., (w/encls) FEDEX 8435 0906 3700
     John Suydam (w/encls)

A TRUE COPY ATTEST

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

# 05 - 11684 NG

C.A. NO.

LEASE AND RENTAL MANAGEMENT CORP.
D/B/A AUTO LOAN,

          **PLAINTIFF**

V.

JOHN W. SUYDAM, D/B/A
WORLD CLASS AUTO,

          **DEFENDANT**

I hereby certify on _____ that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☑ original filed in my office on 8/15/0

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DIS-**

**TRICT OF MASSACHUSETTS:**

    Now comes the defendant, John W. Suydam, Individually, pur-

suant to the provisions of 28 U.S.C. sections 1441 and 1446, and

hereby files notice of the removal of this action from the Law-

rence Division of the District Court Department of the Trial

Court of the Commonwealth of Massachusetts, County of Essex,

where the above-captioned action is currently pending, based on

the following grounds:

    1.    This is an action in which the plaintiff alleges that

the defendant, as the guarantor under a certain written contract

made by the plaintiff and defendant has breached that contract

of guaranty.

1

**A TRUE COPY ATTEST**

**CLERK**

2.    The contract of guaranty between the plaintiff and de-

fendant was made collaterally with a (primary) contract between

the plaintiff and World Class Cleaning of L. I., Inc., a New

York Corporation with a usual place of business at 330 East Main

Street, Patchouge, New York 11772 ("World Class").  The defen-

dant is the principal stockholder of World Class.

3.    The defendant, as assignee of World Class's claims

against the plaintiff, has filed a counter-claim against the

plaintiff, seeking damages of approximately $95,000.00 as a re-

sult of the plaintiff's breach of the aforesaid primary contract

with World Class.

4.    The defendant, individually and as assignee of World

Class has claims against the plaintiff for breaches of the Fair

Debt Collection Practices Act, 15 U.S.C. sections 1692, et seq.;

that is, there are issues in this case involving violation of a

Federal Statute by the plaintiff which caused financial damages

to the defendant.

5.    The parties to this action are of diverse citizenship:

The plaintiff is a Massachusetts business corporation with a

usual place of business in Andover, Essex County, Commonwealth

2

A TRUE COPY ATTEST

_____

CLERK

of Massachusetts; the defendant is a resident of Patchogue, Suf-

folk County, State Of New York, and a citizen of that state.


6.    This removal is timely.

Signed pursuant to Rule 11 of the Federal Rules of Civil Proce-
dure

> John W. Suydam, d/b/a
> World Class Auto
> by his attorney,
>
> Domenic S. Terranova, Esq.
> BBO #494740
> 2350 Turnpike Street
> North Andover, MA 01845-6347
> Tel. (978) 975-4540
> FAX  (978) 975-4542

## AFFIDAVIT OF SERVICE

The undersigned as attorney for the defendant hereby certifies
under the pains and penalties of perjury, that he served a copy
of the pleading or other paper to which this affidavit is at-
tached by delivering or mailing the same, postage prepaid to the
other parties, or their attorneys as set forth on the following
list:

| PARTY | ATTORNEY & ADDRESS |
|---|---|
| Lease and Rental Management Corp. | Glenn Boghosian, Esq. Boghosian and Morris 45 Haverhill Street Andover, MA 01810 |

Date of Mailing:    August 15, 2005
Date of Affidavit:  August 15, 2005

Domenic S. Terranova, Esq.

3

# BOGHOSIAN & MORRIS

A TRUE COPY ATTEST

ATTORNEYS AT LAW
45 HAVERHILL STREET
ANDOVER, MASSACHUSETTS 01810

CLERK

Atty. Glenn Boghosian*
Atty. Mary P. Morris+
*Also admitted in NH
+ Also admitted in CT

June 10, 2004

(978) 475-4883
Telecopier (978) 684-5253

Civil Clerk's Office
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840

> RE: Lease and Rental Management Corp.
> VS: John W. Suydam d/b/a World Class Auto
> NO: 0418 CV 528

Dear Sir or Madam:

Enclosed for filing and pursuant to the Court's request pertaining to Defendant's waiver of jury trial, please find the contract between the parties with the highlighted provision.

Very truly yours,

Glenn Boghosian

GB/md

Enclosure

2005 JUN 17 ⋅ P 2: 18
ADMITTED TO RECORD
LAWRENCE DIVISION
DISTRICT COURT

A TRUE COPY ATTEST

*[signature]*

## DEALER CONTRACT

CLERK

company for an

This Agreement made on _____ June _____, 19**1** by and between **Lease and** on
Rental Management Corp., d/b/a Auto Use and also d/b/a Auto Loan, a Massachusetts
corporation having its principal place of business at 45 Haverhill Street, Andover, Massachusetts
01810 ("Auto Use" and "Auto Loan" together the "Company") and the following corporation,
partnership or proprietorship (the "Dealer"):

Name: _____

_____ WORLD CLASS CLEANING OF LI, INC. d/b/a WORLD CLASS CARS _____
(Name)

of _____ 330 E. MAIN STREET, PATCHOGUE, NY 11772 _____
    (Street)        (City)   (State)  (Zip)

In consideration of the following mutual promises and covenants herein contained, and other
valuable consideration, including certain transaction fees and discounts agreed to from time to
time, the receipt and sufficiency of which is hereby acknowledged, it is agreed by and between
the parties as follows:

### RECITALS.

a. From time to time Dealer may desire to participate in the following financing programs
offered by the Company (collectively, the "Programs"):

(i) **PROGRAM I. (AUTO USE LEASES)** Upon approval by the Company, Dealer
leases a motor vehicle to a customer. Such customer must have a credit rating that is
acceptable to the Company. Dealer then sells such vehicle and assigns such lease to the
Company for an agreed upon price paid by the Company to the Dealer. Lease is to
include an acquisition fee and/or sell at a discount as established by the Company from
time to time for each lease assigned. With certain exceptions set forth herein, such sale
and assignment is non-recourse on the Advance to the Dealer.

1

(ii)  **PROGRAM II.  (AUTO LOAN)**  Upon approval by the Company, Dealer sells a
motor vehicle to a customer pursuant to an installment sales contract.  Such customer
must have a credit rating that is acceptable to the Company.  Dealer then sells and
assigns such installment sales contract to the Company for an agreed upon price paid by
the Company to the Dealer.  Dealer is to pay a transaction fee and/or sell at discount as
established by the Company from time to time for each sales contract assigned.  With
certain exceptions set forth herein such sale and assignment is non-recourse on the
Advance to the Dealer.

(iii)  **PROGRAM III.  (BUY HERE-PAY THERE)**  Dealer sells a motor vehicle to a
customer pursuant to an installment sales contract.  Such customer must have a credit
rating acceptable to the Company.  Dealer then sells and assigns such installment sales
contract to the Company for an agreed upon price paid by the Company to the Dealer.
Dealer is to pay a transaction fee and/or sell at discount as established by the Company
from time to time for each sales contract assigned.  With certain exceptions set forth
herein, such sales and assignments shall be non-recourse on the Advance to the Dealer.

b.  From time to time Company may develop additional and new financing programs in which
Dealer may desire to participate.  Such additional programs will be described and explained in
written addendums hereto signed by both Company and Dealer.  Participation and
responsibilities and liabilities of the parties in such programs shall be governed by this
Agreement except where specifically superseded by said Addendum.

**1.  DEFINITIONS:**  For purposes of this Agreement and any other agreements and documents
executed in connection herewith or contemplated hereby, and regardless of whether executed and
effective before or after this Agreement, the terms set forth herein shall, unless otherwise
specified herein or in such other agreement or document, have the following meanings:

"Acquisition Fee" means that fee which is included in the capitalized cost of a lease at lease
inception.

"Advance" means that portion of the purchase price for a vehicle and/or Customer Contract
Company agrees to actually pay to Dealer at the time of assignment and sale of the Customer
Contract and/or Vehicle.

"Agreement" means this Dealer Contract and any signed written amendments and addendums
hereto which may be made from time to time.

"Ancillary Agreements" means those agreements and other documents which shall be executed
and/or delivered by the Dealer, a Customer, a Guarantor or any other third party with or to the
Company in connection with the financing or leasing of a Vehicle pursuant to any Program,
including without limitation those documents and agreements attached hereto.

A TRUE COPY ATTEST,

CLERK

"Buyer" means a customer of the Dealer who purchases a Vehicle pursuant to a Sales Contract together with any guarantor thereof.

"Confirmation of Approval" means, with respect to any Vehicle proposed to be leased under Program I or financed under Program II, the Company's written approval that such lease or financing is acceptable.

"Customer" means a Lessee and/or Buyer, as the context permits or requires.

"Customer Contract" means a Lease and/or Sales Contract, as the context permits or requires.

"Dealer Default" shall have the meaning set forth in Section 17.

"Dealer's Reserve Account" means the account on the books of the Company in which will be recorded sums actually received by the Company and as set forth pursuant to the Section 16 of this Agreement.

"Discount" means the amount by which the amount financed or the amount subject to lease charge of the Customer Contract exceeds the total of advance, VSI, fees and Holdback.

"Holdback" means (i) under Program I, that portion of a Lease's net capitalized cost (amount due from the Lessee pursuant to such Lease excluding lease rental charges, taxes and insurance), which is not Advanced by the Company, net of fees and/or discount, to purchase the corresponding Vehicle and Lease from the Dealer; (ii) under Programs II and III, that portion of the amount financed by the Buyer which is not Advanced by the Company, net of fees and/or discount, to Dealer at the time the Dealer assigns the Sales Contract to the Company.

"Guarantor" means any party that guarantees a Customer Contract.

"Institutional Lender" means the lender or lenders that may finance or purchase the Company's purchase and/or ownership of the Vehicle and/or Customer Contract from the Dealer, the Company's sole discretion and whether individually or in bulk.

"Lease" means the lease agreement between the Dealer and a Lessee.

"Lessee" means a customer of the Dealer who enters into a Lease with the Dealer together with any guarantor thereof.

"NADA" means the National Automobile Dealers of America and its successors' current Regional Guide Book for New and Used Car Prices.

"Programs I through III" shall have the meanings set forth in the Recitals hereof.

TRUE COPY ATTEST

CLERK

"Purchase Option Price" means that predetermined price at which a Lessee shall be entitled to purchase the Vehicle at the end of the term of the Lease pursuant to Program I.

"Sales Contract" means the installment sales contract between a Buyer and the Dealer pursuant to which the Buyer purchases a Vehicle from the Dealer.

"Security Agreement" means the Note and Security Agreement or similar document entered into between the Company and an Institutional Lender, and applicable to any particular vehicle transaction, at the Company's sole discretion.

"Servicing" means all administration of a Customer Contract and includes services needed to bill and collect and efforts to keep the Customer Contract from going into default.

"Lease Charge" means that portion of each Lease payment net of depreciation.

"Transaction fee" means the fee the Dealer paid to Company in order for Company to finance or purchase a Customer Contract.

"Vehicle" means any new or used motor vehicle which is the subject of a Lease or Sales Contract.

"VSI" means Vendor Single Interest insurance which is required for Customer Contracts pursuant to Programs I, II, and III. Costs for VSI will be published separately.

**2. PROGRAMS.** The Dealer and the Company hereby agree that, by executing and delivering this Agreement together with all Ancillary Agreements, Dealer shall be eligible to participate in Programs I through III, as offered by the Company from time to time, all such Programs being subject to prospective modification or termination by the Company, in its sole discretion. Dealer shall not be required to propose that any particular Vehicle be financed or leased by the Company and the Company shall have no obligation to finance or lease any Vehicle proposed by Dealer. In each such instance if the Company elects to finance or lease such Vehicle, the Company shall determine, in its sole and absolute discretion, under which Program the Company shall finance or lease such Vehicle. The eligibility of any Vehicle and/or transaction under any Program shall neither require the Company to finance or lease such Vehicle under such Program nor preclude the Company from financing or leasing such Vehicle under another Program.

**3. CERTAIN ANCILLARY AGREEMENTS.** The Dealer shall, if applicable, simultaneously with the execution and delivery hereof or prior to becoming eligible for any of the Programs provided herein, execute and deliver to the Company the following ancillary documents and agreements attached hereto:

TRUE COPY ATTEST

CLERK

(i)     Guaranty, substantially in the form attached hereto as <u>Exhibit A</u>;

(ii)    Board of Directors Resolutions for Guaranty, substantially in the form attached
        hereto as <u>Exhibit B</u>;

(iii)   Certification of Officers, substantially in the form attached hereto as <u>Exhibit C</u>;

(iv)    Stockholder's Consent, substantially in the form attached hereto as <u>Exhibit D</u>, and

(v)     Directors' Resolutions, substantially in the form attached hereto as <u>Exhibit E</u>.

4.      **DEALER OBLIGATIONS ON CUSTOMER CONTRACT DEFAULTS.** All Customer
Contracts sold and assigned to the Company must be approved by the Company as to form and
substance. To be eligible for Programs I and II, a Customer Contract and all documents and
agreements entered into in connection therewith must be approved by the Company prior to the
Dealer's and the Customer's execution thereof. To be eligible for Program III, the Dealer shall
not be required to obtain the Company's prior approval, however, the Company shall be entitled,
in its sole discretion, to reduce the maximum advance otherwise payable if proper documentation
or credit approval is not obtained by the Dealer. The sale and assignment by the Dealer of any
Customer Contract to the Company shall convey to the Company a purchase money first security
interest in the Vehicle for Programs II and III and an ownership of the vehicle for Program I
as well as all of Dealer's rights and interest in and to the Customer Contract. With respect to
Vehicles approved for Programs I and II, the assignment of such Customer Contracts shall be
without further recourse against the Dealer Advance (except Dealer Default), provided however,
that (i) the Dealer shall be responsible for paying the pro-rata portion, over the term of the
Customer Contract, of any unearned extended warranty and life, accident and health premium
remaining on the Customer Contract including that part of any unearned commission, (ii) on
Customer Contracts approved with "C" and "D" Credit Ratings and on Sales Contracts approved
with "A" and "B" Credit Ratings delivered under prior Dealer Agreements, the Dealer shall be
responsible for paying to the Company the first $500.00 of any loss on any Customer Contract
assigned to the Company hereunder including, without limitation, all losses and charges resulting
from the repossession of any Vehicle and any credit loss (iii) on Customer Contracts approved
with "C" and "D" credit ratings any and all losses in excess of amounts otherwise already due
from Dealer pursuant to the terms hereunder shall be offset against then present or future
balances, earned and posted, in Dealer's Holdback on the books of Company, and (iv) the
Company shall not be deemed to have waived any rights or remedies hereunder or under the
appropriate assignment and Ancillary Agreements and any other documents in connection with
any Dealer Default. With respect to vehicles approved for Program III, the assignment of such
Customer Contracts shall be without recourse against the Dealer Advance except that any and
all losses shall be offset against then present or future balances, earned and posted, in Dealer's
Holdback on the books of Company and the Company shall not be deemed to have waived any
rights or remedies hereunder or under the appropriate assignment and any other documents in
connection with any Dealer Default.

TRUE COPY ATTEST

The Dealer understands and agrees that the consumer rates on the Customer Contract may change from time to time as determined by the Company. It is also understood that transaction/acquisition fees on Customer Contracts purchased must be paid by the Dealer at the agreed upon amount at the time a Customer Contract is sold and assigned by the Dealer to the Company and that no part of such transaction fees were charged to the Buyer for Sales Contracts.

In addition to other rights and remedies available to the Company hereunder, and not withstanding anything contained herein to the contrary, in the event of a Dealer Default, the Dealer will be under full recourse to the Company and the Dealer shall be liable for all Company damages, losses, expenses, costs and liabilities incurred to third parties by the Company in connection with any Customer Contracts financed or leased with respect to which:

   a. The Dealer makes any settlement with the Customer relating to such Customer's obligation under the Customer Contract without the Company's prior written consent, or

   b. The Dealer discloses any part of this Agreement to the Customer, or

   c. Such Customer Contract bears, or in connection with which the Company receives, the Dealer's guaranty or 90-day obligation repurchase promise.

Payment of all amounts due by Customer to the Company (and not limited to collection) under Customer Contracts referred to in (a.) through (c.) above (whether or not any such Customer Contract is endorsed) are hereby unconditionally guaranteed by the Dealer when due under the Customer Contract. The Company shall have no obligation to repossess or tender the Vehicle covered by such Customer Contract. Dealer agrees to indemnify and save the Company harmless of and from any loss, cost, expense or damage, including its reasonable legal fees arising directly or indirectly from enforcement of the Dealer's guaranty.

**5.    DEALER RESPONSIBILITIES AND INITIAL DEALER WARRANTIES AND REPRESENTATIONS.** All Customer Contracts are subject to approval by the Company as to substance and form and shall convey or be accompanied by all Ancillary Agreements or other documents conveying to the Company title to the appropriate Vehicle as owner or lienholder, as applicable or rights to receive payments under the relevant Customer Contract. Dealer warrants and represents to the Company on a continuing basis as to each Vehicle sold to the Company and as to each Customer Contract, as follows:

   a. The Customer Contract is genuine, valid and legally enforceable in accordance with its terms;

   b. The true cash down payment and actual cash value trade-in, if any, were received by the Dealer from the Customer and disclosed on the Customer Contract;

A TRUE COPY ATTEST

CLERK

c.  No part of the down payment was loaned by the Dealer, or other public or private party or institution, to the Customer, and no part of the down payment was a rebate from either the Dealer or the vehicle manufacturer, or any other party;

d.  The Buyer was quoted a deferred payment price and a lower cash price before the Buyer signed the Customer Contract;

e.  All statements of fact in the Customer Contract and in any credit application, including, but not limited to, the Customer's name, address and social security number, are true, correct, complete and accurate;

f.  Title to the Vehicle or other property is free from all defects, claims, liens and encumbrances except for the security interest of the Company, and the Dealer guarantees that the Company, or its assignee, will be named as owner (in the case of Program I) or lienholder (in the case of Programs II and III) on the Certificate of Title or comparable document of title which has been or will be issued for said Vehicle or other property;

g.  No Customer or Guarantor is a minor or lacks capacity to contract;

h.  The Dealer has no knowledge of any facts which impair the validity or value of the Customer Contract;

i.  The Vehicle has not been determined to be a salvage or a rebuilt vehicle;

j.  No express warranties of any nature were made to the Customer which are not endorsed on the Customer Contract other than any written new or used product warranty given to the Customer by the Dealer or the manufacturer of the Vehicle or other property and which written new or used product warranty is acknowledged by the Dealer as the obligation of the Dealer and/or manufacturer, and not the obligation of the Company;

k.  An executed copy of the Customer Contract and all notices and disclosures required by law were properly and timely delivered to the Customer;

l.  The Vehicle was delivered in accordance with all requirements of the Customer Contract and applicable law;

m.  The Vehicle's mileage and equipment indicated on the credit application, vehicle option checklist, Bill of Sale and/or on the Customer Contract are complete and accurate;

n.  The Customer has no claim, damages or causes of action against the Dealer arising out of the sale or lease of the Vehicle or other property;

7.

o.   The transaction fee or discount amount for the assignment of a Customer Contract to the Company by the Dealer under Programs II and III is confidential and the Dealer hereby agrees not to charge, discuss, negotiate or otherwise disclose such fee or discount to or with any Customer;

p.   The signature of the Customer is genuine and the person signing any document presented to the Company is the Customer or has the authority to sign for the Customer;

q.   The Company reserves the right to inspect and deny its purchase of any Vehicle, and/or any Customer Contract, and the Company shall, in its sole discretion, be entitled to engage a professional appraiser to inspect any Vehicle, and

r.   The Customer Contract contains a provision that payments are to be made on a monthly basis in the case of "A" and "B" credit approval and that payments are to be made on a weekly basis in the case of Program III and "C" and "D" credit.

**6.    DEALER'S RESPONSIBILITY TO NOTIFY THE COMPANY.** The Dealer hereby agrees to notify the Company of the existence of any facts or occurrence of any event that comes to the attention of the Dealer which could, directly or indirectly, diminish, encumber or adversely affect, in any manner whatsoever the Customer Contract or any Vehicle.

Any statement of account rendered by the Company to the Dealer relating to the Obligations, including, without limitation, all statement of balances owing, accrued interest, expenses and costs, shall be presumed to be correct and accurate and constitute an account stated unless, within five (5) days after mailing thereof to Dealer, Dealer shall deliver to the Company written objection thereto specifying the error or errors, if any, contained in any such statement.

**7.    HOLDBACK.** Holdback, if any, accumulated from any Customer Contract will accrue from calculations based on payments actually received by the Company from that portion of the base rental or installment payments (net of lease charges or interest) allocated to the amount in excess of the Customer Contract net of any discounts, transaction fees or acquisition fees and VSI which were not advanced by the Company to the Dealer. This amount will be considered earned and posted on a pro-rata basis in the Dealer's name on a monthly basis provided that all Customer Contracts acquired by the Company from the Dealer and at that time held by the Company or any indebtedness of the Dealer to the Company, either direct or indirect, shall in the Company's opinion, be in good order and free of current default or anticipated future losses. Holdback earned and posted from Customer Contracts is to be paid to Dealer according to term published separately to Dealer.

In the event Dealer is no longer in operation, discontinued funding Customer Contracts with the Company or in default of this Agreement, Holdback shall be paid to Dealer as the total of Holdback earned and posted exceeds the unpaid balance outstanding on all Customer Contracts.

Amounts maintained in the Holdback Account hereunder will not bear interest, need not be kept separate from the Company's other funds and may be carried on the Company's books as a liability, contingent or otherwise, or in such other manner as the Company deems appropriate.

8.    **SERVICE MARKS.**  All motor vehicle leasing and financing business conducted by Dealer pursuant to this Agreement shall be conducted under the Dealer's name set forth above or under the name _____.  Dealer shall comply with all laws relating to doing business under a fictitious name.  During the term of this Agreement, Dealer may use the service marks of Auto Use and Auto Loan in connection with advertising its motor vehicle leasing, sales and finance business hereunder.  Dealer will not use, employ, or register any service mark similar to the above service marks.  All advertising and promotional activities relating to Customer Contracts made hereunder shall be handled by Dealer in a manner consistent with and designed to enhance the good reputation and importance of the above service marks.  Dealer will protect the service marks on the occasion of each use by giving notice as provided by law that such marks are registered.  Dealer acknowledges that the service marks are and shall remain the sole and exclusive property of the Company, and upon termination of this Agreement the right of Dealer to use the service marks shall immediately cease and return to and be irrevocably vested in the Company, without any further action to be taken by Dealer hereunder.

9.    **EXECUTION OF CUSTOMER CONTRACT AND VEHICLE SALE.**  The Company shall furnish Dealer with credit application forms, Lease Agreements, Loan Agreements, Sale Contracts and such other forms and documents as the Company, in its sole discretion, shall deem appropriate or necessary for purposes of this Agreement.  Before executing any Customer Contract relating to a Vehicle (except for those Vehicles which may be financed pursuant to Program III), Dealer shall provide to the Company  the terms of the proposed transaction, credit application and such other information as the Company may request.  Dealer agrees that it shall unless otherwise directed by the Company, employ as the Customer Contract the then current forms provided to Dealer by the Company.  The Company shall have the complete discretion to approve or disapprove any proposed Customer Contract or other transaction hereunder.  Company shall not be required to finance or lease any Vehicle under Programs I or II where Customer Contract entered into by the Customer and/or the Dealer does not receive Company's prior Confirmation of Approval from Andover, Massachusetts, and the Company shall have no liability whatsoever to Dealer or any proposed Customer for the Company's failure to approve any transaction, except upon terms set forth in its Confirmation of Approval Andover, Massachusetts.

Upon obtaining the Company's Confirmation of Approval of a proposed transaction and prior to receiving an Advance on said transaction, Dealer shall procure for the Company the following documents, which shall be accurate, complete and signed by an authorized party where required in order to be legally effective:

a. The original Customer Contract signed by the Customer and any Guarantors of such person and an authorized signatory of the Dealer;



A TRUE COPY ATTEST

b. Lease or Loan worksheet;

c. A copy of the factory invoice or Monroney label showing the manufacturer's suggested retail price for the Vehicle and each addendum sticker and vendor's invoice for additional equipment on the Vehicle not installed by the Manufacturer;

d. A copy of the application for title and registration of the Vehicle including appropriate attachments submitted by Dealer to the appropriate state's motor vehicle department showing the Company, or its assignee, as owner and/or lienholder, whether directly or as beneficiary of a trust created for this purpose, as directed by the Company in its sole discretion from time to time;

e. Copy of the Bill of Sale to the Company (under Program I) or the Buyer (under Programs II and III);

f. A credit application (sometimes herein called the "Application") signed by the Customer in a form specified by the Company, and each party liable under the Customer Contract, with each Application properly completed and executed in accordance with the Company's directions;

g. A copy of the vehicle warranty documentation;

h. A copy of Customer's drivers license;

i. The odometer statement signed by Dealer and the Customer;

j. Copy of Certificate of Origin or Used Vehicle Certificate of Title, both front and back;

k. The appropriate pre-inspection form completed and signed for insurance purposes (if applicable);

l. Copy of Life, Accident & Health Insurance documentation (if applicable);

m. Original form authorizing automatic withdrawal from Customer's bank account for weekly and other required payments (if applicable);

n.  Original form stating that it is a criminal offense for failure to return a rented or leased motor vehicle (if applicable);

o.  Copy of a voided check from the Customer's bank account from which the payments are to be automatically withdrawn (if applicable);

p.  Set of working door, trunk and ignition keys to Vehicle. (Programs I and II "C" and "D" Credit and Program III);

q.  Copy of title certificate on any trade-in vehicle.  (Programs I and II "C" and "D" Credit and Program III);

r.  Verification of down payment, copy of check or cash receipt for down payment (Programs I and II "C" and "D" Credit and Program III);

s.  The original Notice of Co-Signer (if applicable);

t.  Signed Vehicle Option Checklist on used vehicles;

u.  Evidence satisfactory to the Company that the Customer has in effect insurance providing the coverage required under the Customer Contract.  Dealer agrees and undertakes that it shall provide the Company with the rights to all insurance proceeds available under such coverage, and

v.  All other documents as may from time to time be required by the Company.

With respect to all proposed Customer Contracts to be made with proprietorships, partnerships, and corporations as Customers, in addition to the information specified above, Dealer shall provide the names and evidence satisfactory to the Company of the authority of the persons purporting to act on behalf of such entity and who will execute Customer Contracts and related documents for and on behalf of said proprietorships, partnerships and corporations.  Any such Customer Contracts shall be subject to the Company's approval of the authority of the persons purporting to act for and on behalf of said proprietorships, partnerships and corporations.

All monies received by Dealer with respect to a Customer Contract prior to its transmitt to the Company shall be remitted to the Company other than amounts the Company has agree are to be retained by Dealer and forwarded to the appropriate motor vehicle department to effe titling and registration of the Vehicle or retained by Dealer as a portion of the purchase pri to be paid by the Company for the Vehicle or the Customer Contract.

Dealer agrees and warrants that all documents required by the Company are procured by Dealer prior to delivery of the Vehicle to the Customer. If the Dealer is unable to obtain any of the foregoing, the Company may, in its sole discretion, nevertheless approve the transaction. In such event the Company shall be entitled to reduce the maximum advance to which the Dealer would otherwise be entitled to receive under the Program, by such amount as the Company in its sole discretion may determine.

Dealer agrees that the Company may, without the consent of the Dealer, assign all or any of the Company's rights and/or interests under all or any Customer Contract or any agreement between the Dealer and the Company to any third party, including, without limitation, an Institutional Lender, whether as security for the Company to obtain credit, or outright, in the Company's sole discretion, as the Company deems appropriate, and Dealer hereby grants to the Company an irrevocable power of attorney coupled with an interest to act on Dealer's behalf for such purposes as the Company determines to be appropriate.

The Dealer further agrees and undertakes to take all actions that may be necessary or appropriate to the protection of the rights and interests of the Company and under all Customer Contracts, and all assignments related thereto, as directed by the Company in its sole discretion.

**10. PURCHASE PRICE, ADVANCE, RATES, RESIDUAL VALUE, CUSTOMER CONTRACT TERMS AND ACQUISITION/TRANSACTION FEES AND DISCOUNTS.** The purchase price, age of vehicle, advance, interest rates, lease rates, residual values, Customer Contract terms and Acquisition/Transaction fees and discounts for all Programs as applicable will be determined from time to time by Company and published periodically in writing separately to Dealer. However, the Company has complete discretion to lessen the Advance on any transaction in its Confirmation of Approval from Andover, Massachusetts.

The purchase price for a Vehicle and/or Customer Contract will be an amount agreed upon between the Company and Dealer based upon the then current published figures. Following satisfaction of all applicable provisions of this Agreement including, but not limited to, adjustments for Holdback, fees, discounts and payments due at inception of Customer Contract, the Company will promptly pay to the Dealer the appropriate Advance on the purchase price. The Company reserves the right to issue a check or draft for the payment of the purchase price jointly to Dealer and any third party that the Company deems to have a security interest in the Vehicle which security interest may not be extinguished upon sale to the Company.

**11. REGISTRATION OF THE COMPANY'S INTEREST.** In states where vehicl ownership is recorded on Certificates of Title or registration it shall be Dealer's responsibilit to complete the necessary forms and documents noting the Company or its nominee, as may t specified from time to time by the Company, and whether directly or as beneficiary of a trus as both the registered and legal owner (in the case of Program I) and as lienholder (in the ca

12

of Programs II and III), and forward these documents, together with the appropriate fees, to those public officials who are responsible for issuing the Certificates of Title or registration, and send the Company evidence that the Company, or its nominee, or trustee, is recorded as the owner or lienholder, as the case may be, on the Certificate of Title or registration. In states where a different method of recording ownership or other property interest is employed, Dealer shall complete the necessary forms and documents to note the Company's or its nominee's ownership of or lien on the Vehicle and secure evidence of the same from those public officials responsible for recording such evidence. Dealer hereby authorizes the Company, in its sole discretion and pursuant to an irrevocable power of attorney coupled with an interest, to name as owner or lienholder thereon any Institutional Lender of the Company's choice, and for the Company to take all actions necessary or appropriate in connection with any such financing as the Company determines to be appropriate.

A TRUE COPY

**12.    PAYMENTS FROM CUSTOMERS.** Dealer shall direct each Customer to make all payments payable under any Customer Contract directly to the Company for payment. Dealer shall not accept any payments on a Customer Contract on behalf of the Company without the Company's prior approval, nor shall Dealer make any payments on behalf of a Customer without the Company's prior approval. Dealer hereby irrevocably appoints the Company and each of its executive officers individually as Dealer's attorney-in-fact, which appointments are coupled with an interest, and without any right of revocation, and with full power of substitution, to endorse, without recourse, Dealer's name upon any and all notes, checks, drafts, or other instruments which may be made payable to Dealer and are payments made under Customer Contract or related insurance policy, and upon all Certificates of Title and other instruments or documents which reflect the Company's interest in the related schedule in any Customer Contract, and in any Vehicle. In addition, the Company is irrevocably appointed as Dealer's true and lawful attorney, with power of substitution in the Dealer's name or otherwise for the Company's benefit to demand, collect, receive payment, receipt for, give discharges, releases, extensions and postpone the time of payment of all sums due under Customer Contracts, also to settle, compromise, compound and adjust all accounts and claims, to commence and prosecute any suits, acts or proceedings in law or equity, to collect sums due or enforce rights as to the property and equipment, to settle, compromise, compound and adjust and defend any suit, proceeding or claims regarding Customer Contracts.

**13.    DEALER GENERAL REPRESENTATIONS AND WARRANTIES.** Dealer makes the following continuing representations and warranties to the Company:

    a.  If Dealer is a corporation, Dealer is duly incorporated and in good standing in the state of Dealer's incorporation and is qualified to do business in all jurisdictions in which it is required to so qualify;

b. This Agreement has been duly authorized by Dealer, and when executed and delivered by Dealer to the Company shall constitute the valid and binding Agreement of Dealer, which is enforceable in accordance with its terms;

c. Dealer has in full force all business permits and other operating licenses, agreements and authorities of every kind whatsoever which may be appropriate or required in connection with the Dealer's procurement of a Vehicle or Customer Contract;

d. The information provided on Dealer's application to participate in any one of the Company's Programs, including its financial condition, and financial information of any guarantor, is true, complete and accurate in all relevant material respects. In addition to complying with all other requirements of this Agreement, Dealer agrees to inform the Company immediately of any change in the transaction application information, including any material change in Dealer's or any Guarantor's financial statement or financial condition, and

e. All Customer Contracts, and any other agreements with a Customer or other third party have been procured by Dealer and Dealer has not procured or brokered any such Agreement for any person or entity not approved and accepted by the Company.

14.    **DEALER SPECIFIC REPRESENTATIONS AND WARRANTIES**. Dealer warrants on a continuing basis that as of the execution of each Customer Contract approved by the Company hereunder:

a. The Vehicle is adequately and correctly described in the Customer Contract and is deemed commercially merchantable for use by the Customer; was manufactured for sale in the United States and complies with all equipment and safety requirements imposed under federal and other applicable law;

b. The age of the vehicle does not exceed the current model year less ten years or as otherwise stated as published separately and the maximum mileage at the end of the Customer's Contract will not exceed mileage as stated in the Schedule published separately to Dealer. An older vehicle shall require prior written approval from the Company. A higher mileage vehicle shall result in a lesser Advance based on the excess mileage rates published separately;

c. The Customer Contract, having been duly authorized, executed and delivered by the Dealer and the Customer, constitutes the Dealer's and the Customer's valid, binding and enforceable obligation and agreement. Dealer has provided each Customer with an exact, complete, legible and certified copy of the Customer Contract;

-14- **A TRUE COPY ATTEST**

CLERK

d. The Vehicle is as described in the Customer Contract. Dealer has delivered the Vehicle to the Customer, and the Customer has accepted the Vehicle for all purposes of the Customer Contract prior to payment by Company to Dealer. Upon delivery of Vehicle to the Customer, the Vehicle is fit for the purpose for which it was leased or sold;

e. Every instrument executed by the Dealer and/or the Customer in connection with a Customer Contract has been duly authorized, executed and delivered by each party thereto, and constitutes Dealer's and the Customer's valid and binding obligation, enforceable in accordance with its terms. Acceptance of payment by Dealer for the Customer Contract from the Company acknowledges the obligation of the Dealer per this Agreement;

f. Neither Dealer nor any of its employees have made any representations, promises, agreements or warranties to the Customer which are not contained in the Customer Contract and Dealer has made all disclosures required by applicable law to be made in connection with the Customer Contract, including disclosures required in any advertisement of the transaction and any related purchase order;

g. All of Dealer's negotiations and dealings with the Customer and the execution of the Customer Contract and any other documents have been in accordance with all applicable laws and regulations, and the conduct of Dealer in developing the transaction will not subject the Company to suit or administrative proceeding under any applicable law, rule or regulation;

h. Dealer will comply with the Equal Credit Opportunity Act and the Fair Credit Reporting Act, as well as all other applicable state or other laws, implementing regulations and official interpretations of the Federal Reserve Board Staff as if they apply to the Customer Contracts even though such laws should not and may not apply to true lease transactions which are not loan financings;

i. The Customer Contract and the Vehicle are free of all encumbrances (other than the Company's lien under Programs II and III), assignments, security interests, defaults, counterclaims, offsets and defenses of every kind whatsoever, and the Customer has and will have no defense, offset or counterclaim as to the enforcement of the Customer Contract arising out of any conduct or omission of Dealer;

j. Neither the Customer nor the Dealer is in default under the relevant Customer Contract, and

k. Dealer shall not repossess any Vehicle or accept redelivery of a Vehicle from a Customer without the prior written consent of the Company.

A TRUE COPY ATTEST

15.  **DEALER CONTINUING OBLIGATIONS.** Dealer, on a continuing basis, shall:

a. Not represent, directly or indirectly, to any person that it has the ability to approve a Customer Contract for such person or any other person, nor by any means or method whatsoever, otherwise indicate that Vehicles, Leases or financing from the Company are obtainable by or through the Dealer;

b. Not represent that it is the agent of the Company;

c. Provide or procure, through an authorized Dealer, standard vehicle mechanical and maintenance servicing for the Vehicle at the Customer's or the Company's request, at commercially reasonable prices;

d. Honor or assist in honoring all warranties made by the manufacturer or any insurance company, if any, with respect to a Vehicle;

e. Be limited on Advance of extended warranty plans and life, accident and health insurance using only companies approved by the Company. Advance amounts shall be published separately;

f. Be fully responsible for any Customer Contract with respect to Vehicles leased or sold to relatives or employees of Dealer;

g. Be fully responsible for the Customer Contract of any used vehicle which any mechanical problems with the Vehicle arises in the first six (6) months of any Customer Contract which results in an unresolved dispute during the term of the Customer Contract causing a repossession, non-payment or stop payment. The cause or reason of the dispute does not modify Dealer's liability;

h. Be fully responsible for the Customer Contract for used vehicles in the event Dealer must re-purchase or otherwise take back a Vehicle from the Company due to a "Lemon Law" dispute, and the Dealer will be responsible for the full amount of the Customer Contract to the Company;

i. Be fully responsible in the event of a repossession, insurance total or early termination for whatever reason for the pro-rata portion, over the term of the Customer Contract, of any unearned extended warranty and life, accident and health premium remaining on the Customer Contract including that part of any unearned commission of the Dealer;

j. Deliver to the Company as reasonably requested (1) Dealer's balance sheet and profit and loss statement, certified, if available, in an unqualified opinion, by a firm of public accountants satisfactory to the Company and prepared in conformity with generally accepted accounting principles and accompanied by a certification

-16-

A TRUE COPY ATTEST

by the chief financial officer of Dealer that no Dealer Default has occurred, (2) a balance sheet and income statement of any guarantor of Dealer's obligations hereunder prepared in conformity with generally accepted accounting principles; consolidated and consolidating balance sheet and profit and loss statement; and (3) such other information as the Company shall reasonably request;

k. Notify the Company of the existence of any facts or the occurrence of any event that comes to the attention of the Dealer which would require the Dealer to re-purchase or otherwise cancel any Customer Contract under the terms and conditions of this Agreement, and

l. Be fully responsible for any Customer Contract pertaining to a commercial vehicle used for long distance hauling (the same being of more than two tons capacity) or a bus.

**16.    DEALER RESERVES.** The Company's rate charges under Programs I and II will allow, for the Company's and the Dealer's mutual protection, reserve arrangements as outlined in this Agreement or published separately and in effect at the time the Customer Contract is purchased by the Company. No Dealer Reserves are to be set up with respect to Customer Contracts bearing an interest or lease rates equal to or lower than the Company's then announced buy rate.

All amounts in the Dealer Reserve Account accumulated from the individual Customer Contracts will accrue from calculations based on payments actually received by the Company and that portion of the payment allocated to such Dealer Reserve Account, if any, will then be considered earned and posted on a pro-rata basis to such account on behalf of Dealer which is principally for the Company's protection and security, but at monthly intervals will be paid to the Dealer, provided the Dealer is not in default of this Agreement and that all Customer Contracts acquired by the Company from the Dealer and at that time held by the Company or any indebtedness of the Dealer to the Company, either direct or indirect, shall in the Company's opinion, be in good order and free of current default or anticipated future losses. However, in any event, the Dealer will continually maintain with the Company a minimum balance of $3,000.00 in each Dealer Reserve Account.

The maximum rate increase over the Company's announced rates and optional reserve arrangements shall be published separately.

Dealer grants the Company, in addition to any other lien, offset or any other right the Company may have with respect to accrued but undistributed amounts in the Dealer Reserve Account, a security interest in such account as security for the payment by Dealer of any amounts Dealer may owe the Company hereunder or otherwise.

**A TRUE COPY ATTEST**
·17·

_____
CLERK

Amounts maintained in the Dealer Reserve Account hereunder will not bear interest, need not be kept separate from the Company's other funds and may be carried on the Company's books as a liability, contingent or otherwise, or in such other manner as the Company deems appropriate.

**17. DEALER DEFAULT.** Notwithstanding the statements above of Programs I, II and III, if any of the Dealer's representations or warranties made to the Company hereunder or in connection with a Customer Contract, other Ancillary Agreement, or applicable Credit Application is breached, untrue, or materially inaccurate, or if the Dealer fails to perform any of its obligations hereunder or under any Customer Contract, or any Ancillary Agreement, the Dealer shall be deemed to be in default without regard to Dealer's knowledge or lack thereof, or the Company's reliance thereon (a "Dealer Default").

In the event of any Dealer Default, Dealer shall promptly pay to the Company, upon receipt of written demand by the Company, any or all of the following amounts, all at the election of the Company:

a. An amount equal to all amounts then due under the terms of the Customer Contract, this Agreement and any Ancillary Agreement, pertaining to such vehicle, without regard to whether any such Customer Contract shall then be in default;

b. All balances due (or to become due) under this Agreement, Customer Contract or Ancillary Agreement pertaining to such Vehicle;

c. All losses and expenses incurred by the Company as a result of such Dealer Default including the refund of any payments previously made by Customer, and

d. All out-of-pocket expenses paid or incurred by the Company in connection with the collection of any amount due hereunder or thereunder, including reasonable attorney's fees and costs of litigation, whether by or against the Company, and expenses with respect to repossessing, storing, repairing and selling or reselling the Vehicle.

In addition, upon a Dealer Default, the Company shall have the right, but, unless the Dealer has paid the Company all amounts owed hereunder, not the obligation, to reassign to the Dealer the relevant Customer Contract and/or Vehicle assigned to the Company under the terms of this Agreement whether or not the Customer is in default and whether or not the Company has repossessed the Vehicle. Until all applicable payments have been received by the Company, in full satisfaction of all of Dealer's obligations and liabilities to the Company under this Agreement and Customer Contract, it is the intent of the parties that the Customer Contracts, if any, assigned for collection in favor of the Company by Dealer pursuant to the several agreements between the parties hereto shall continue to remain valid and in full force and effect.

-18-

A TRUE COPY ATTEST

If, however, after the Company makes demand to Dealer for assignment and payment, but prior to full payment, Dealer is deemed to have acquired an interest in the Customer Contract or Vehicle which interest gives Dealer title therein or the right to require the Company to deliver title thereto, the Company will have a security interest therein under the Uniform Commercial Code for the performance by Dealer of its obligations hereunder, and the Company shall have the rights and remedies of a secured creditor with respect thereto. Dealer shall remain liable for any unpaid deficiency following disposition. Dealer shall provide the Company with such instruments, information and financing statements as the Company may reasonably request to evidence the Company's rights and interests. The right of the Company to reassign and release any Vehicle and/or any Customer Contract to Dealer and require payment therefore is in addition to all rights otherwise available to the Company, including the right of the Company to recover damages suffered by the Company as a result of a Dealer Default. All rights of the Company are cumulative and may or may not be exercised separately or successively without adverse effect thereon, whether then or at any future date.

Upon Dealer Default and the receipt by the Company of all applicable payments due under this Section 17 in respect of any Vehicle, the Company shall assign such Vehicle to the Dealer AS-IS and WHERE-IS without any warranties of any kind whatsoever, except where otherwise required by applicable law, and the Customer Contract will be assigned without any warranties whatsoever, except in each case a warranty that there are no liens or encumbrances of persons claiming by, through or under the Company not arising by virtue of the Customer's failure to perform its obligations under the Customer Contract. The Company shall cooperate with the Dealer in the prosecution of Dealer's claim, if any, against the Customer, provided, however, that if the Dealer requests the Company's cooperation, the Dealer shall pay the Company's costs and expenses in connection with such cooperation, including the Company's reasonable legal fees.

If a Customer Contract is rescinded by court order, Dealer shall reimburse the Company the full amount the Company paid to the Dealer for the Customer Contract and all finance or lease charges accrued and owing on the Customer Contract at such time.

The Company, in addition to such other rights and remedies as are or may be set forth in this Agreement or in any other agreement by and between the parties may exercise and shall have the rights and remedies of a Lessor under the Uniform Commercial Code in effect in the Commonwealth of Massachusetts from time to time with respect to Vehicles leased under Program I.

18.    **REPOSSESSION OF A VEHICLE.** In the event the Company has repossessed and is in possession of a Vehicle covered by a Customer Contract financed under Programs II or III, which repossession arose as a result of a Dealer Default, the Company shall tender and the Dealer shall accept possession of such Vehicle and the Dealer shall pay to the Company on demand the unpaid balance and any finance charges accrued and owing on the appropriate Customer Contract at the time of such repossession in addition to those amounts set forth in

-19-

A TRUE COPY ATTEST

Section 17 above and Section 19 below. In the event the Company has repossessed and is in possession of a Vehicle leased pursuant to Program I which repossession arose as a result of a Dealer Default, the Dealer shall pay to the Company on demand the unpaid balance due on the appropriate lease contract at the time of such repossession in addition to those amounts set forth in Section 17 above and Section 19 below.

In the event of a repossession, insurance total or early termination of a Customer Contract where there has been no Dealer Default, the Company shall have no recourse against the Dealer except that (i) with respect to Customer Contracts under Programs I and II "C" and "D" Credit, any repossession, insurance total or early termination for whatever reason even if no Dealer Default, the Dealer shall pay to the Company the first $500.00 of the Company's loss, if any as set forth in Section 4, and (ii) with respect to Customer Contracts under Program III and Programs I and II "C" and "D" credit, any repossession, insurance total or early termination for whatever reason even if no Dealer Default exists, losses in excess of amounts due under Section 4 and hereunder shall be offset against the Dealer's then present and future Holdback as set forth in Section 4; (iii) with respect to all Customer Contracts under Programs I and II any repossession, insurance total or early termination for whatever reason even if no Dealer Default, the Dealer shall pay to the Company the pro-rata portion, over the term of the Customer Contract, of any unearned extended warranty and life, accident and health premium remaining on the Customer Contract including that part of any unearned commission.

**19. DEALER INDEMNITY.** Dealer agrees, during and after the term of this Agreement, to indemnify and hold the Company, its parent corporation and their respective subsidiaries, officers, independent contractors, agents and employees, harmless from all loss, damage, liability and expense incurred as a result of any violation of this Agreement, and from all claims, damages, causes of action or suits of any persons, firms or corporations arising from the operation of Dealer's sales, leasing or other business acts or omissions, or those of its officers, employees, agents, and independent contractors.

In addition, Dealer shall indemnify the Company for and save the Company harmless from and against any loss, damage, cost or expense, including reasonable attorney's fees, costs of litigation and other legal fees incurred by the Company, directly or indirectly, in any judicial or administrative proceeding or set-off because of any claim or defense asserted against the Company in connection with any Customer Contract, any Ancillary Agreement, or any other document or circumstances related thereto.

**20. NON-WAIVER.** No failure or delay by the Company to exercise any right or remedy hereunder, to require the existence of any condition or to require the performance of any obligation of Dealer or Customer hereunder will operate as a waiver thereof, and such right, remedy, obligation or condition will remain in full force and effect as if such failure or delay had not occurred. The Dealer hereby waives demand, protest, notice of default, nonpayment,

A TRUE COPY   ATTEST

CLERK

partial payment and consents to and waives notice of granting of indulgences or extensions of time of payment, the taking or releasing of security, and the addition or release of persons primarily or secondarily liable on any Customer Contract.

**21.    RELATIONSHIP OF PARTIES.** When acting under or pursuant to this Agreement, the Dealer is not and shall not be deemed to be an authorized agent of the Company. Dealer is not granted any express or implied right to bind the Company in any manner.  Dealer is an independent contractor of the Company under this Agreement and the parties shall not be considered as joint venturers, partners, employees/employers, agents, servants or fiduciaries of each other or any other person. There shall be no liability on the part of the Company for any debts incurred by Dealer unless the Company agrees by a signed written agreement to assume or pay such Dealer debts.

**22.    OFFSET.** The Company may deduct or offset against any deposits, security, funds or other obligations due to Dealer or its affiliates, from the Company or its affiliates, for any amounts Dealer or its affiliates owes the Company or its affiliates hereunder.

**23.    TERMINATION.** Subject to the conditions contained in this Agreement, this Agreement may be terminated with or without cause by either the Dealer or the Company by written notice of such termination sent to the other party by United States Certified Mail. Such termination shall be effective eight (8) business days after notice. After such termination, no further Vehicle transactions by or between the parties under this Agreement shall be effected unless such termination is rescinded in writing by the parties hereto. No such termination shall in any way affect the rights, duties, obligations or liabilities of either the Dealer or the Company with respect to any transactions entered into prior to such termination.   With respect to the aforementioned rights, duties, obligations and liabilities, this Agreement shall, notwithstanding such termination, be deemed to be a continuing and enforceable executory contract with respect to all matters relating to future performance or  forbearance.

**24.    DEALER'S OBLIGATION ON CONCLUSION OF LEASES UNDER PROGRAM I.** At the conclusion of every Lease, it is agreed and understood that:

   a.  Dealer shall complete a Vehicle Condition Report, signed and agreed to by the Customer, disclosing any excess mileage, extraordinary wear and tear, together with damages not covered by insurance upon return of the Vehicle to Dealer;

-21-

A TRUE COPY ATTEST

b.  Lessee shall have the first option to purchase the Vehicle at the predetermined Purchase Option Price, plus applicable fees and taxes, as specified in the applicable Lease, which shall include payment for excess mileage and excess wear and tear, as specified in the relevant Lease;

c.  If a Customer fails to exercise said option, Dealer shall have the next option to purchase the Vehicle for the greater of the then current fair market value or the Purchase Option Price of the Vehicle plus applicable fees and taxes, as specified in the applicable Lease, and

d.  If the Customer and Dealer decline to exercise their options, the Vehicle must be returned, at Lessee's or Dealer's expense, to a location specified by the Company within 3 days of termination of the Customer Contract.

**25.    AMENDMENTS.** This Agreement may be amended by a writing signed by the parties or by the Company on written notice to Dealer with the terms of the amendment to be accepted by Dealer as provided in this Paragraph. Dealer's acceptance of an amendment made by the Company on written notice to the Dealer shall be manifested by and be effective upon the date of the first Customer Contract following such notice, unless otherwise agreed by the parties.

**26.    PREVIOUS AGREEMENTS.** With the exception of all paragraphs signed in the prior Agreement which relate to Program IV and V, (ACRC Leases), this Agreement cancels and supersedes all prior Agreements whether written or oral, between the parties hereto, and contains the entire Agreement of the parties.

THERE ARE NO ORAL OR WRITTEN REPRESENTATIONS, INDUCEMENTS, PROMISES OR AGREEMENTS BY ANY PARTY HERETO EXCEPT AS SET FORTH EXPRESSLY HEREIN, AND DEALER ACKNOWLEDGES THAT NO REPRESENTATIVE OF THE COMPANY HAS ANY AUTHORITY TO MAKE ANY REPRESENTATIONS OR WARRANTY, EXCEPT AS CONTAINED HEREIN.

**27.    GENERAL.** This Agreement is entered into in contemplation of and shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts. **THE DEALER WAIVES THE RIGHT TO DEMAND A TRIAL BY JURY IN ANY DISPUTE WITH THE COMPANY ARISING OUT OF OR RELATED TO ANY OF THIS AGREEMENT.** At the Company's discretion, this Agreement may be assigned, reassigned, divided into separate rights, and/or used as security, to and/or for whatever entity or Institutional Lender the Company deems appropriate, including to secure financing, provide insurance coverage, provide lease and loan management, or take any other action deemed appropriate by the Company hereunder. This Agreement shall be effective only upon acceptance and execution in Andover, Massachusetts by an authorized officer of the Company. This Agreement shall

inure to and bind the successors and assigns of the Company and the Dealer respectively and any present and future company affiliated with the Company and the Dealer which may transact business hereunder. If any part of this Agreement is found unenforceable it shall be divisible and shall not effect in any manner the remaining provisions of this Agreement.

IN WITNESS WHEREOF, the foregoing Agreement is hereby executed by Dealer and submitted to the Company for its acceptance.

DEBTOR:

NOTARY:

WORLD CLASS CLEANING OF LI, INC.
d/b/a WORLD CLASS CARS

~~Notary Public~~  Witness
My commission expires:

by: _____
John W. Suydam
President

Brendan Griffin
Print ~~Notary's~~ Name

Witness

LEASE AND RENTAL MANAGEMENT
CORP. d/b/a AUTO LOAN

BY: _____

its

CLERK

COMMONWEALTH OF MASSACHUSETTS

Essex, ss

Lawrence District Court
No: 0418 CV 0528

LEASE AND RENTAL MANAGEMENT )
CORP. )
    Plaintiff )
        )
vs. )
        )
JOHN W. SUYDAM d/b/a WORLD )
CLASS AUTO )
    Defendant )
        )

## PRE-TRIAL MEMORANDUM OF
## PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM
## LEASE AND RENTAL MANAGEMENT CORP.

### SUMMARY OF CLAIM AND DEFENSES

Plaintiff claims that pursuant to a Dealer Contract, Defendant is contractually obligated to Plaintiff in the amount of $2,438.98 for defaulted consumer contracts financed by and assigned to Plaintiff. Furthermore, pursuant to the Contract, Defendant is not entitled to any further payment from Plaintiff as a result of defaulted contracts and losses on the financed portfolio.

Defendant claims it does not owe Plaintiff any sums under the contract and asserts a breach of contract claim in the amount of $95,000.00. Plaintiff asserts that pursuant to the contract, there is no sum owed to Defendant, as the Dealer portfolio experienced defaults and losses of which Defendant was notified and aware of.

A TRUE COPY

_____
                                 CLERK

### PLAINTIFF'S WITNESSES

Kevin Harris, 45 Haverhill Street, Andover, MA 01810
Ken McGrath, 45 Haverhill Street, Andover, MA 01810
Robert Drew, 45 Haverhill Street, Andover, MA 01810
Thomas Burns, 45 Haverhill Street, Andover, MA 01810
Rich Copponi, 45 Haverhill Street, Andover, MA 01810
John Sansoucie, 45 Haverhill Street, Andover, MA 01810

      The witnesses, as employees and/or officers of the Plaintiff, will testify as
to the business relationship between the parties, the transactions therein, and
establish the debt owed by Defendant to Plaintiff and the lack of any debt owed to
Defendant.

### SUMMARY OF EVIDENCE

      Plaintiff is a finance company; Defendant is an automobile dealer. On or
about January 26, 1999, Plaintiff and Defendant entered into a Dealer Contract
whereby Plaintiff provided financing (at Defendant's option) for transactions
entered into between Defendant and consumers, subject to the terms and
conditions of the Dealer Contract. Defendant was to be paid by Plaintiff as
dictated in the Dealer Contract and consumer payments were to be made to
Plaintiff. Plaintiff financed a number of transactions for Defendant, some of
which were defaulted on by the consumer, primarily for non payment. Pursuant
to the Contract, Defendant is obligated to make a specified payment to Plaintiff
on defaulted contracts, which in this case totals $2,438.98. Plaintiff filed a small
claim, which was removed to this Court upon Defendant's Motion. Defendant
filed a Counterclaim for $95,000.00 for money allegedly owed Defendant.

### CURRENT STATUS OF ACTION

      Both parties made a Motion to Compel Production of Documents, and it
was heard on May 5, 2005. Pursuant to the Court Order, Plaintiff requested the
production of eight (8) specific files from Defendant, and Defendant has failed to
provide them by the deadline of May 31, 2005. In addition, Defendant has failed

**A TRUE COPY ATTEST**

CLERK

to adhere to the Court order to make a request for eight (8) specific files from
Plaintiff, thereby waiving its right to this discovery.

Defendant is not entitled to a trial by jury, as it contractually agreed in
Section 27 of the Dealer Contract to waive a trial by jury in any dispute with
Plaintiff related to the Contract.

Plaintiff estimates length of trial to be one (1) day and certifies that Lease
and Rental Management Corp. has been apprised of estimated litigation time and
expense.

Lease and Rental Management Corp. reserves the right to supplement this
Pre-Trial Memorandum as reasonably necessary.

Respectfully submitted,

LEASE AND RENTAL
MANAGEMENT CORP.
By its attorney,

Dated:  6-15-05

Glenn Boghosian, Esq.
Boghosian & Morris
45 Haverhill Street
Andover, MA 01810
(978) 749-0461

A TRUE COPY ATTEST

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT
## DISTRICT COURT DEPARTMENT

**LAWRENCE DIVISION**       **CIVIL ACTION NO. 0418CV0528**

**LEASE AND RENTAL MANAGEMENT CORP.**
**D/B/A AUTO LOAN, PLAINTIFF**

**V.**

**JOHN W. SUYDAM, D/B/A**
**WORLD CLASS CARS, DEFENDANT**

## AFFIDAVIT OF JOHN SUYDAM AS TO NON-EXISTNECE OF DOCUMENTS
## REQUESTED BY THE PLAINTIFF

I, John Suydam, being duly sworn, on my oath depose and say
follows:

1.  I am the Defendant and Plaintiff in counter-claim in this
    action.  The Plaintiff brought this suit against me on a
    personal guarantee that I gave to the Plaintiff when my
    company started doing business with several years ago.

2.  I am the President and Treasurer of World Class Cleaning
    of Long Island, Inc., a business corporation duly existing
    under the laws of the State of New York.

3.  In early 1999 my company began doing business with the
    Plaintiff under a written agreement.

4.  AS a result of many dealings under that written agreement
    with the Plaintiff, my company had claims against the
    Plaintiff, all of which have been assigned to me in my

A TRUE COPY ATTEST

1

individual capacity.  I asserted these claims as counter-
claims against the Plaintiff when this action was removed
from the small claims docket of this court.

5.    My company is in the business of buying used automobiles
      from new card dealers and reselling them to the general
      public.  The used automobiles that my company sells are
      generally in much better condition than those available
      through private sale, that is, from an individual to
      another individual.

6.    The Plaintiff is in the business of lending money to the
      purchasers of these automobiles so that they can complete
      the purchases from my company.  The purchasers submit a
      written loan application to the Plaintiff and, if the
      Plaintiff approves the application, the purchasers execute
      installment loan contracts and pay the Plaintiff on a
      weekly basis until the loan is paid in full.

7.    At the time of each loan application, the Plaintiff
      independently checks the credit history and credit-
      worthiness of each prospective purchaser and, if the
      Plaintiff approves the loan application submitted by the
      purchaser, the Plaintiff sets the loan details, that is,
      the amount of the loan it is willing to make on a
      particular automobile, the interest rate on the funds
      advanced, the amount of each weekly payment or
      installment, and the duration of the loan payback period,
      etc.

8.    The Plaintiff receives all of the personal information
      from the prospective borrower and completes the loan and
      A TRUE COPY ATTEST

2      CLERK

funds the transaction after the purchaser has executed the
loan documentation and the Plaintiff has approved the loan
application.

9.   At the time the Plaintiff and my company made the
     agreement with my company, the Plaintiff promised to send
     my company copies of all the documents executed by the
     purchaser. **Plaintiff never sent me anything more than a
     quarterly report of the status of all the loan contracts
     that my company had referred to the Plaintiff plus an
     occasional check.**

10.  I sent copies of all of these documents, which are all of
     the records that I have from my dealings with the
     Plaintiff, to my attorney.   My attorney informs me, and I
     therefore believe that he has given copies of all of these
     materials to the Plaintiff.

11.  All weekly installments due from the purchasers to the
     Plaintiff were paid directly by the purchaser (borrower)
     to the Plaintiff.

12.  Under the terms of the agreement that my company made with
     the Plaintiff, my company did not receive full payment of
     the purchase price related to a particular transaction
     (sale).   The Plaintiff paid a portion of the loan proceeds
     to my company; the rest of the money due on the sale was
     to be paid on a deferred or "hold-back basis", that, as
     the purchaser made his installment payments to the
     Plaintiff, my company was to receive a portion of the
     "hold-back".   If a particular purchaser (borrower)
     defaulted on the loan, my company would not get notice of

**A TRUE COPY ATTEST**

that event or any of the "hold-back" money. Indeed, under default conditions, the balance due under the "hold-back" would be subtracted from any payments that were due to my company for that particular car, but capped at maximum loss of $500, with no other offsets on any other sales/loans.

13. In the course of the dealings between the Plaintiff and my company, the Plaintiff lent money on about 90 automobiles that my company had sold. The total of all the "hold-backs" owed to my company was in excess of $100,000.00.

14. The Plaintiff alleges that most of the loans went into default, and only paid my company a total of $5,412.85 during the period preceding the commencement of this action against me personally.

15. To the best of my knowledge, the Plaintiff has all records relating the business dealings between them and my company, as well as their dealings with the borrowers who allegedly defaulted on their loans or their account was otherwise terminated, and the Plaintiff is stubbornly refusing to provide these records to me and my attorney.

16. Plaintiff's willful refusal to provide these documents to my attorney and me, suggests that they are hiding information from me and that my counter-claims against the Plaintiff are valid.

Signed under the pains and penalties of perjury this 14th day of June 2005

A TRUE COPY ATTEST

4

CLERK

John W. Suydam

A TRUE COPY ATTEST

CLERK

**COMMONWEALTH OF MASSACHUSETTS**
**TRIAL COURT**
**DISTRICT COURT DEPARTMENT**

**LAWRENCE DIVISION**            **CIVIL ACTION NO.  0418CV0528**

**LEASE AND RENTAL MANAGEMENT CORP.**
**D/B/A AUTO LOAN, PLAINTIFF**

**V.**

**JOHN W. SUYDAM, D/B/A**
**WORLD CLASS CARS, DEFENDANT**

**AFFIDAVIT OF DOMENIC S. TERRANOVA**
**REGARDING DEFENDANT'S COMPLIANCE WITH PLAINTIFF'S FIRST REQUEST**
**FOR PRODUCTION OF DOCUMENT**

I, Domenic S. Terranova, Defendant's attorney, hereby declare
that on April 20, 2005, I delivered a complete set of copies
(Exhibits A to ZZZ) to Plaintiff's counsel in response Plain-
tiff's First Request for Production of Documents.

These Exhibits were copies of ALL OF THE DOCUMENTS provided to
me by the Defendant, and stated to me by the Defendant, to be
all of the documents that he had.

Signed under the pains and penalties of perjury on June 15,
2005.

Domenic S. Terranova

**A TRUE COPY ATTEST**

**COMMONWEALTH OF MASSACHUSETTS**
**TRIAL COURT**
**DISTRICT COURT DEPARTMENT**

**LAWRENCE DIVISION**                    **CIVIL ACTION NO. 0418CV0528**

**LEASE AND RENTAL MANAGEMENT CORP.**
**D/B/A AUTO LOAN, PLAINTIFF**

**V.**

**JOHN W. SUYDAM, D/B/A**
**WORLD CLASS CARS, DEFENDANT**

## DEFENDANT'S SEPARATE PRE-TRIAL MEMORANDUM

John Suydam, Defendant and Plaintiff in Counter-claim submits the
following as his separate pre-trial memorandum:

### I.       STATEMENT OF THE CASE:

The Plaintiff LEASE AND RENTAL MANAGEMENT CORP., a Massachusetts
business with a usual place of business in Andover, Massachusetts
brought this suit in the courts of the commonwealth of Massachu-
setts against the Defendant under a personal guarantee made by
the Defendant under a written contract made by the Plaintiff and
World Class Cleaning of Long Island, Inc., a business corporation
duly existing under the laws of the State of New York, with a
usual place of business in Patchogue, New York.  Defendant is a
resident of the State of New York.

The Defendant's company is in the business of buying used automo-
biles from new card dealers and reselling them to the general
public.  The used automobiles that the Defendant's company sells
are generally in much better condition than those available

**A TRUE COPY ATTEST**

1                                           CLERK

through private sale, that is, from an individual to another individual.

The Plaintiff is in the business of lending money to the purchasers of these automobiles so that they can complete the purchases from the Defendant's company. The purchasers submit a written loan application to the Plaintiff and, if the Plaintiff approves the application, the purchasers execute installment loan contracts and pay the Plaintiff on a weekly basis until the loan is paid in full.

At the time of each loan application, the Plaintiff independently checks the credit history and credit-worthiness of each prospective purchaser and, if the Plaintiff approves the loan application submitted by the purchaser, the Plaintiff sets the loan details, that is, the amount of the loan it is willing to make on a particular automobile, the interest rate on the funds advanced, the amount of each weekly payment or installment, and the duration of the loan payback period, etc.

The Plaintiff receives all of the personal information from the prospective borrower, completes the loan and funds the transaction after the purchaser has executed the loan documentation and the Plaintiff has approved the loan application.

This is a breach of contract action – the Plaintiff alleging that at the time the parties ceased doing business with the each other, that there was a balance due from the Defendant's company to the Plaintiff. Plaintiff brought suit against the Defendant as guarantor under the Small Claims Procedure.

A TRUE COPY ATTEST

CLERK

2

Defendant removed the action from the Small Claims docket to the
regular civil docket and filed his counter-claim against the
Plaintiff, seeking damages for breach of contract in a trial by
jury of six.

## II.      CURRENT STATUS OF ACTION:

The parties are currently involved in disputes over discovery is-
sues:  The Plaintiff, which has all the files relating to the
contract, refuses to provide these records to the Defendant; The
Defendant states that he has turned over copies of the few re-
cords that he has ever had to the Plaintiff.

Defendant further says that the Plaintiff has the burden of proof
on its claims against the Defendant and these same records are
crucial to the Defendant's defenses and counter-claims.

Both parties have moved for an order compelling production of
documents.

The Plaintiff's position with regard to discovery is that the
will provide a "selected sample" of their records, but not all
that were requested.

## III.      TRIAL COUNSEL:
Glenn Boghosian, Esq., for Plaintiff
45 Haverhill Street
Andover, MA 01810

Domenic S. Terranova, Esq., for Defendant
2350 Turnpike Street
North Andover, MA 01845

A TRUE COPY ATTEST

CLERK

3

## IV.      WITNESSES:

John W. Suydam - Defendant
Patchogue, NY

Plaintiff's KOR
45 Haverhill Street
Andover, MA 01810

## V.      SETTLEMENT NEGOTIATIONS:

Plaintiff seeks damages of $2,000.00 (the small claims limit at
the time it filed this action).

Defendant, as Plaintiff in Counter-claim says that the Defendant
in counter-claims owes him about $100,000.00.

Respectfully submitted,
John W. Suydam, d/b/a
World Class Cars
by his attorney,

Domenic S. Terranova, Esq.
BBO #494740
2350 Turnpike Street
North Andover, MA 01845-6347
Tel. (978) 975-4540
FAX  (978) 975-4542

*I further state that I have informed my client
of the costs of litigation and the preference to settle.*

CLERK

4

| **TRIAL ORDER** | DOCKET NO. 0418CV00528 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| PLAINTIFF(S) *Lease and Rental Management Corp. DBA Auto Loan*  VS.  DEFENDANT(S) *John W. Suydam D/B/A World Class Auto* | COURT DIVISION  **Lawrence District Court Fenton Judicial Center** 2 Appleton Street Lawrence, MA 01840-1525 |
|---|---|

After pretrial/conciliation conference and upon scheduling of this matter for trial on ___8-19-05___

TRIAL DATE

at __11:00a.m.__ before the Court ( __Thomas M. Brennan__ , J.) it is ORDERED as follows:

TIME              JUDGE'S NAME

1. **Witness Lists.** Counsel for each party shall submit a list of witnesses expected to testify at trial, containing the name and address of each prospective witness, to the trial judge at the beginning of the trial. Persons not included in such lists may be precluded from testifying, in the discretion of the trial judge.

2. **Agreed Exhibits.** Counsel for each party shall confer in advance of the trial for the purpose of agreeing to exhibits for trial. All agreed exhibits shall be pre-marked by counsel with exhibit labels bearing numerical designations (e.g., Exhibit 1, Exhibit 2, etc.) Counsel shall submit a list of Agreed Exhibits, containing the exhibit numbers and a summary description of each exhibit, to the trial judge at the beginning of the trial.

3. **Proposed Exhibits.** All proposed exhibits on which counsel do not agree shall be pre-marked by counsel for the offering party with exhibit labels bearing alphabetical designations for identification (e.g., Plaintiff's Exhibit A for ID, Defendant's Exhibit A for ID, etc.) Each counsel shall submit a list of proposed exhibits, containing the exhibit letters and summary descriptions of the exhibits, to the trial judge at the beginning of the trial. Any exhibit offered at trial which is neither agreed to nor identified on the proposed exhibits lists may be precluded, in the discretion of the trial judge.

4. **Stipulations.** Counsel for each party shall confer in advance of the trial for the purpose of stipulating to all material facts which are not in dispute. Counsel shall submit a list of any stipulations to the trial judge at the beginning of the trial.

5. **Audio-Visual Expert Witness Depositions for Trial.** To reduce the expense of litigation and to avoid delay of trial because of unavailability of expert witnesses, leave is hereby granted for any party, upon notice to opposing counsel and in accordance with Mass. R. Civ. P. 30A(m), to conduct audio-visual dispositions of their treating physician or other expert witnesses in lieu of oral testimony at trial. Notwithstanding Mass. R. Civ. P. 30A(m)(2) & (4), notice of the audio-visual deposition may be served simultaneously with service of the witness' curriculum vitae and written report, and evidentiary objections shall be filed with the trial judge at the beginning of the trial. Any objections to this procedure shall be filed and heard as discovery motions in advance of the trial date.

6. **Summaries of Voluminous Exhibits.** Counsel are encouraged to prepare summaries of voluminous exhibits, such as medical records and bills, to assist the trial judge's review of the facts. See Proposed Mass. R. Evid. 1006 (1980).

7. **Non-Massachusetts Authorities.** Counsel who submit any requested rulings of law, jury instructions or memoranda of law which cite federal or other non-Massachusetts cases and statutes are requested to append copies of such cases or statutes for the convenience of the trial judge.

8. **Proposed Jury Instructions.** In cases to be tried to a jury, counsel are directed to file any requested jury instructions with the court before the trial begins, without prejudice to supplementation of such request at the close of the evidence. For the convenience of the trial judge, requested jury instructions shall be consecutively numbered with instructions concerning separate topics listed on separate pages.

(SEE REVERSE SIDE FOR ADDITIONAL INSTRUCTIONS)

6/04

A TRUE COPY ATTEST

53                    _____  CLERK

9.  **Continuances.** Any motions for continuance of the trial date shall include affidavits of counsel in accordance with Mass.
    R. Civ. P. 40 and shall be sent directly to the attention of __Maria T. Abascal First Assistant Clerk__
    
    NAME AND TITLE
    to expedite decision by the Justice assigned to the Civil Trial Session or, if that Justice is not available, by the First Justice.
    Trial dates may be continued for good cause only.

10. **Settlement.**  Counsel in cases which settle before the trial date shall notify __Donna M. Bellandi-Case Speciali__
    
    NAME AND TITLE
    at __978-687-7184  x2316__  to permit scheduling of other cases for trial.
    TELEPHONE NO.

Justice                                                    Date

8/04

A TRUE COPY ATTEST

CLERK

54

| PRETRIAL CONFERENCE REPORT | DOCKET NO.<br>0418CV0052 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

PLAINTIFF(S) Leaseard Rental Management Corp. D/B/A Auto Loan

VS.

DEFENDANT(S) John W. Suydam D/B/A World Class Auto

**COURT DIVISION**

**Lawrence District Court**
**Fenton Judicial Center**
**2 Appleton Street**
**Lawrence, MA 01840-1525**

The following report summarizes the matters dealt with during the Pretrial Conference on: 6·15·05
CONFERENCE DATE

- [ ] Case reported settled. 30-day Order of Dismissal Nisi ☐ all counsel informed. ☐ to be sent to all parties.
- [ ] Plaintiff(s) failed to appear. Case to be dismissed.
- [ ] Defendant(s) failed to appear. Default to be entered.
- [ ] Plaintiff(s)/Defendant(s) failed to comply with Pretrial Order. Counsel should show cause why sanctions should not be imposed.
- [ ] The case is ready for trial and, after consultation with counsel, is assigned a firm date for trial on 8/19/05
DATE
   at 11:00 a.m./p.m. in the SIX courtroom.
   TIME           COURTROOM

- [x] **Bench Trial**          ☐ Jury Trial
- [x] Trial Order: ☑ has been given to counsel in hand. ☐ to be sent to all parties.
- [x] Trial is estimated to take 1 DAY hours/days.
- [x] Estimated number of witnesses for Plaintiff(s): 2-3 . For Defendant(s): 1 .
- [x] Percent Rating for likelihood of trial:
   **Case**                                        **Case**
   **Definitely**  ⇐ 10% 20% 30% 40% 50% 60% 70% 80% 90% 100% **Definitely**
   **Will Settle**                                 **Will Try**

- [ ] Case referred to mediation at: _____ on _____ at _____ am/pm.
- [ ] Case not ready for trial. Scheduled for further pretrial conference on _____ at _____ am/pm.
   in _____.
   COURTROOM
   - [ ] Summary jury trial to be conducted pursuant to order given in hand to counsel.

- [ ] The parties report the following stipulations and/or agreements:
   _____
   _____
   _____

Remarks/Comments:
   _____
   _____

_____  6/15/05
Justice/Clerk-Magistrate/Asst.Clerk-Magistrate/Special Master          Date

6/04

52

A TRUE COPY ATTEST
CLERK



# BOGHOSIAN & MORRIS

ATTORNEYS AT LAW
45 HAVERHILL STREET
ANDOVER, MASSACHUSETTS 01810

Atty. Glenn Boghosian*
Atty. Mary P. Morris+
*Also admitted in NH
+ Also admitted in CT

April 21 2005

(978) 475-4883
Telecopier (978) 684-5253

Clerk's Office
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840

> RE:  Lease and Rental Management Corp.
> VS:  John W. Suydam d/b/a World Class Auto
> NO:  0418 CV 0528

Dear Sir or Madam:

Pursuant to agreement of both parties, please reschedule Plaintiff's Motion to Compel Production of Documents and Defendant's Cross Motion to Compel Response to Request for Production of Documents from April 21, 2005 to May 5, 2005 at 9:00 A.M .

Thank you for your assistance.

Very truly yours,

Glenn Boghosian

GB/md

Enclosure

cc:     Dominick Terranova

A TRUE COPY ATTEST

CLERK

# BOGHOSIAN & MORRIS

## ATTORNEYS AT LAW
45 HAVERHILL STREET
ANDOVER, MASSACHUSETTS 01810

Atty. Glenn Boghosian*
Atty. Mary P. Morris+
*Also admitted in NH
+ Also admitted in CT

(978) 475-4883
Telecopier (978) 684-5253

April 7, 2005

Clerk's Office
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840

> RE: Lease and Rental Management Corp.
> VS: John W. Suydam d/b/a World Class Auto
> NO: 0418 CV 0528

Dear Sir or Madam:

Enclosed for filing, please find Motion to Compel Response to Request for Production of Documents and a Certificate of Service regarding the above entitled matter.

Please make this hearing up for Thursday, April 21, 2005 at 9:00 AM.

Thank you for your assistance.

Very truly yours,

Glenn Boghosian

GB/cg

Enclosure

cc:    Dominick Terranova

A TRUE COPY ATTEST

# DOMENIC S. TERRANOVA

ATTORNEY -AT- LAW
2350 TURNPIKE STREET
NORTH ANDOVER, MASSACHUSETTS 01845-6347
-------
TEL (978) 975-4540
FAX (978) 975-4542

14 April 2005

Clerk's Office
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840

Re:   Lease and Rental Management Corp.
      v. John W. Suydam d/b/a World Class Auto
      Lawrence District Court - #0418 CV 0528

Dear Sir/Madam:

Enclosed for filing, please find Defendant, John W.
Suydam's Cross Motion to Compel Response to Request
for Production of Documents and a Certificate of Ser-
vice regarding the above entitled matter.

Kindly place this on the list for hearing on Thursday,
April 21, 2005 at 9:00 a.m.

Thank you for your attention to this letter.

Very truly yours,

Domenic S. Terranova

DST:so
Enclosures

cc:   Glenn Boghosian, Esq., (w/encls)
      John Suydam (w/encls)

A TRUE COPY ATTEST



## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT
## DISTRICT COURT DEPARTMENT

**LAWRENCE DIVISION**                    **CIVIL ACTION NO. 0418CV0528**

**LEASE AND RENTAL MANAGEMENT CORP.**
**D/B/A AUTO LOAN, PLAINTIFF**

**V.**

**JOHN W. SUYDAM, D/B/A**
**WORLD CLASS AUTO, DEFENDANT**

*allowed*
*-produce by*
*senych by*
*5/31/05 -05*

## DEFENDANT JOHN SUYDAM'S CROSS MOTION TO COMPEL PRODUCTION OF DOCUMENTS TO PLAINTIFF, LEASE AND RENTAL MANAGE-MENT CORP.

Pursuant to Rule 37(a), Defendant in this action moves that

Plaintiff, Lease and Rental Management Corp., d/b/a Auto Loan be

ordered to provide Defendant, within fourteen (14) days or such

other time as the Court determines, with documents as requested

by Defendant.

In support of this Motion, Defendant states that it made this

request on June 14, 2004 (see Exhibit A) and has received only a

partial response (see Exhibit B). Requests # 4, 5, 6, 7, 8 and 9

are still outstanding. Plaintiff's responses are totally eva-

sive. Furthermore, counsel for both parties discussed the re-

quests that each of them had made in telephone phone calls on

A TRUE COPY ATTEST

CLERK

1

October 5, 2004 and October 13, 2004. Plaintiff has refused to provide Defendant with the withheld documentation.

The basis of this action is a dispute over the status of the money owed by the Plaintiff to the Defendant in connection with the sale of accounts receivable from the Defendant to the Plaintiff. The transactions were commercial paper on the sale of used automobiles by the Defendant assigned to the Plaintiff, with payment for the assignments to be made as the vehicle owner made payments to the Plaintiff.

Defendant says that the total value of the commercial paper assigned to the Plaintiff exceeded $100,000.

Plaintiff claims that about 90% of the assigned contracts went into default and the vehicles were repossessed and sold at a loss.

Defendant requested the Plaintiff to produce all documents in every one of the assigned contracts. Plaintiff refused.

The Plaintiff, knowing that there were many issues relating to discovery, and **WITHOUT NOTIFYING DEFENDANT'S COUNSEL SENT A REP-RESENTATIVE TO SPEAK TO THE DEFENDANT AT HIS PLACE OF BUSINESS**

A TRUE COPY ATTEST

2          CLERK

**IN LONG ISLAND, STATE OF NEW YORK AND DISCUSSED SETTLEMENT OF THIS ACTION.** Defendant has not and has refused to execute a written settlement agreement without reviewing the requested documents with his local counsel.

Plaintiff had never given the Defendant copies of their original agreement and subsequent account history for each vehicle sold.

Defendant is entitled to a response to its Request for Documents to enable it to properly prepare its case.

John W. Suydam, d/b/a
World Class Auto
by his attorney,

Domenic S. Terranova, Esq.
BBO #494740
2350 Turnpike Street
North Andover, MA 01845-6347
Tel. (978) 975-4540
FAX (978) 975-4542



**A TRUE COPY ATTEST**

_____

CLERK

3

# EXHIBIT

"A"

A TRUE COPY ATTEST

CLERK

DOMENIC S. TERRANOVA
Attorney-at-Law
2350 Turnpike Street
North Andover, MA 01845-6347

Tel: (978) 975-4540
FAX: (978) 975-4542

10 June 2004

Glenn Boghosian, Esq.
Boghosian and Morris
45 Haverhill Street
Andover, MA 01810

Re:  Lease and Rental Mgmt. Corp. v. John Suydam
     Lawrence District Court
     Civil Action #0418CV0528

Dear Glenn:

I believe that you should be filing a response or reply to
the counter-claim that was filed in this case many weeks
ago.  Please send it to me so that it arrives at my office
before June 18, 2004.

Also enclosed is the defendant's first request for produc-
tion of documents by the plaintiff.

Very truly yours,

Domenic S. Terranova

DST:so
Enclosure

cc:  John Suydam

A TRUE COPY ATTEST

1

**COMMONWEALTH OF MASSACHUSETTS**
**TRIAL COURT**
**DISTRICT COURT DEPARTMENT**

**LAWRENCE DIVISION**        **CIVIL ACTION NO. 0418CV0528**

**LEASE AND RENTAL MANAGEMENT CORP.**
**D/B/A AUTO LOAN, PLAINTIFF**

V.

**JOHN W. SUYDAM, D/B/A**
**WORLD CLASS AUTO, DEFENDANT**

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The Defendant requests the Plaintiff to respond within thirty days to the following requests pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure:

That the Plaintiff produce and make available to the Defendant's duly appointed attorney-at-law at the attorney's office located at 2350 Turnpike Street, North Andover, Massachusetts, and permit the said Defendant or his duly appointed attorney to inspect and or copy all of the following materials or records:

1. The guarantee alleged to have been executed by the Defendant as mentioned in the Plaintiff's complaint against the Defendant.

2. All documents executed by the debtor and/or the Plaintiff pursuant to the UCC filing, a copy of which is attached hereto as Exhibit "A".

3. All "holdback reports" (similar to Exhibit "B" attached hereto) prepared by or for the Plaintiff relative to Plaintiff's business dealings with World Class Cleaning of L.I., Inc. dba World Class Auto between January 1, 1999 and the date of this request.

A TRUE COPY ATTEST

1

4.    All cancelled checks issued by the Plaintiff payable to
World Class Cleaning of L.I., Inc., dba World Class Auto between
January 1, 1999 and the date of this request.

5.    All cancelled checks issued by the Plaintiff payable to
World Class Auto between January 1, 1999 and the date of this
request.

6.    All other papers, records and other documents of every kind
and nature of the Plaintiff with reference to the business deal-
ings between the Plaintiff and the Defendant from January 1,
1999, to date, which said books, accounts, papers, records and
other said documents shall include, but not by way of limita-
tion, the following:

    a.    All books of general ledger, cancelled checks, bank
          statements, duplicate deposit slips, invoices to cus-
          tomers, customers' orders, invoices from credits, pay-
          roll records, and all correspondence and other miscel-
          laneous papers concerning or relating to the business
          dealing by the Defendant with the plaintiff.

7.    All other papers, records and other documents of every kind
and nature of the Plaintiff with reference to the business deal-
ings with World Class Cleaning of L.I., Inc., dba World Class
Auto from January 1, 1999, to date, which said books, accounts,
papers, records and other said documents shall include, but not
by way of limitation, the following:

    a.    All books of general ledger, cancelled checks, bank
          statements, duplicate deposit slips, invoices to customers,
          customers' orders, invoices from credits, payroll records,
          and all correspondence and other miscellaneous papers con-
          cerning or relating to the business dealing by World Class
          Cleaning of L.I., Inc., dba World Class Auto with the
          plaintiff.

8.    All other papers, records and other documents of every kind
and nature of the Plaintiff with reference to the business deal-
ings with World Class Auto from January 1, 1999, to date which
said books, accounts, papers, records and other said documents
shall include, but not by way of limitation, the following:

A TRUE COPY ATTEST

2

     a.    All books of general ledger, cancelled checks, bank
statements, duplicate deposit slips, invoices to cus-
tomers, customers' orders, invoices from credits, pay-
roll records, and all correspondence and other miscel-
laneous papers concerning or relating to the business
dealing by World Class Auto with the plaintiff.

9.    The Plaintiff's entire file for each and every one of the
contracts listed on Exhibit "B" attached hereto.

You may comply with this request by furnishing clear and legible
copies of all surfaces on which there appears any characters of
the requested materials, organized and identified in accordance
with this request.

                       John W. Suydam, d/b/a
                       World Class Auto
                       by his attorney,

                       Domenic S. Terranova, Esq.
                       BBO #494740
                       2350 Turnpike Street
                       North Andover, MA 01845-6347
                       Tel. (978) 975-4540
                       FAX  (978) 975-4542

A TRUE COPY
3
CLERK

## **AFFIDAVIT OF SERVICE**

The undersigned as attorney for the defendant hereby certifies
under the pains and penalties of perjury, that he served a copy
of the pleading or other paper to which this affidavit is
attached by delivering or mailing the same, postage prepaid to
the other parties, or their attorneys as set forth on the
following list:          -

| **PARTY** | **ATTORNEY & ADDRESS** |
|---|---|
| Lease and Rental Management Corp. | Glenn Boghosian, Esq.<br>Boghosian and Morris<br>45 Haverhill Street<br>Andover, MA 01810 |

Date of Mailing:    June 10, 2004
Date of Affidavit:  June 10, 2004

Domenic S. Terranova, Esq.

A TRUE COPY A

CLERK

1

EXHIBIT
"B"

DISTRICT COURT
LAWRENCE DIVISION
CERTIFIED TO RECORD

2005 APR 14  P 3: 01

A TRUE COPY ATTEST

CLERK

COMMONWEALTH OF MASSACHUSETTS

Essex, ss                                    Lawrence District Court
                                             C.A. No. 0418 CV 528

)
LEASE AND RENTAL                )
MANAGEMENT CORP. d/b/a          )
AUTO LOAN                       )
    Plaintiff                   )
                                )
vs.                             )
                                )
JOHN W. SUYDAM d/b/a            )
WORLD CLASS AUTO                )
    Defendant                   )
                                )

## PLAINTIFF, LEASE AND RENTAL MANAGEMENT CORP. d/b/a AUTO LOAN'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY THE DEFENDANT, JOHN W. SUYDAM d/b/a WORLD CLASS AUTO

Plaintiff, Lease and Rental Management Corp., d/b/a Auto Loan, by its counsel and pursuant to Mass. R. Civ. P. 34, hereby responds to Defendant's First Request for Production of Documents as follows:

**Response No. 1**
    See Attached.

**Response No. 2**
    See Attached.

**Response No. 3**
    See Attached.

**Response No. 4**
    Defendant already has all of the documents requested herein.

**Response No. 5**
    Defendant already has all of the documents requested herein.

A TRUE COPY ATTEST

_____  ₮K

**Response No. 6**

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous and neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further objecting, Defendant already has all of the documents requested herein.

**Response No. 7**

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous and neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further objecting, Defendant already has all of the documents requested herein.

**Response No. 8**

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous and neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further objecting, Defendant already has all of the documents requested herein.

**Response No. 9**

Plaintiff objects to this request as overly broad, unduly burdensome, vague, ambiguous and neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further objecting, Defendant already has all of the documents requested herein.

                              LEASE AND RENTAL
                              MANAGEMENT CORP. d/b/a
                              AUTO LOAN
                              by its attorney,

Dated: **8-19-04**

                              Glenn Boghosian
                              Boghosian & Morris
                              45 Haverhill Street
                              Andover, MA 01801
                              (978) 749-0461

A TRUE COPY ATTEST

## NOTICE OF MOTION

To:  Glenn Boghosian, Esq.,
     45 Haverhill Street
     Andover, MA 01810

Take notice that the undersigned as attorney for the Defendant
in this action, will present the motion to which this notice is
attached before the Justices of the Lawrence Division of the
District Court Department of the Trial Court sitting at Law-
rence, on Thursday, April 21, 2005 at 9:00 AM or as soon there-
after as counsel may be heard.  You are invited to attend and be
heard.

Domenic S. Terranova, Esq.

A TRUE COPY ATTEST

1

## AFFIDAVIT OF SERVICE

The undersigned as attorney for the defendant hereby certifies under the pains and penalties of perjury, that he served a copy of the pleading or other paper to which this affidavit is attached by delivering or mailing the same, postage prepaid to the other parties, or their attorneys as set forth on the following list:

| PARTY | ATTORNEY & ADDRESS |
|---|---|
| Lease and Rental Management Corp. | Glenn Boghosian, Esq. Boghosian and Morris 45 Haverhill Street Andover, MA 01810 |

Date of ~~Mailing~~ DELIVERY:   April 14, 2005
Date of Affidavit:   April 14, 2005

Domenic S. Terranova, Esq.

2005 APR 14  P 3: 01

A TRUE COPY ATTEST

CLERK

1

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss

Lawrence District Court
No: 0418 CV 0528

)
LEASE AND RENTAL MANAGEMENT )
CORP. )
   Plaintiff )
)
vs. )
)
JOHN W. SUYDAM d/b/a WORLD )
CLASS AUTO )
   Defendant )
_____)

### MOTION TO COMPEL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 37(a), Plaintiff in this action moves that Defendant, John W. Suydam d/b/a World Class Auto be ordered to provide Plaintiff, within fourteen (14) days or such other time as the Court determines, with documents as requested by Plaintiff.

In support of this Motion, Plaintiff states that it made this request on August 19, 2004 (see Exhibit A) and has received no response, no documentation and no objection. Furthermore, Plaintiff made phone calls to Defendant's counsel on October 5, 2004 and October 13, 2004 and made written request on October 19, 2004 (see Exhibit B). Defendant has not provided any documentation.

The parties agreed to a settlement, and on November 24, 2004, I forwarded a Settlement Agreement and Stipulation of Dismissal to Defendant's counsel for review. Believing the matter to be settled, I have not made this Motion at an earlier date. However, despite repeated requests, I have also not received an answer as to whether the settlement documents are satisfactory or unsatisfactory and whether Defendant still intends to settle per our agreement.

A TRUE COPY ATTEST

_____

CLERK

Plaintiff is entitled to a response to its Request for Documents to enable it to properly prepare its case.

LEASE AND RENTAL
MANAGEMENT CORP.
By its attorney,

Dated:  4-8-05

Glenn Boghosian BBO#547341
Boghosian & Morris
45 Haverhill Street
Andover, MA 01810
(978) 749-0461
Fax (978) 684-5253

A TRUE COPY ATTEST

CLERK

COMMONWEALTH OF MASSACHUSETTS

Essex, ss

Lawrence District Court
C.A. No. 0418 CV 528

```
                                    )
LEASE AND RENTAL                    )
MANAGEMENT CORP. d/b/a              )
AUTO LOAN                           )
    Plaintiff                       )
                                    )
vs.                                 )
                                    )
JOHN W. SUYDAM d/b/a                )
WORLD CLASS AUTO                    )
    Defendant                       )
                                    )
```

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT,
## JOHN W. SUYDAM d/b/a WORLD CLASS AUTO

Pursuant to Massachusetts Rules of Civil Procedure Rule 34, Plaintiff
requests that Defendant, John W. Suydam d/b/a World Class Auto (hereinafter
"Defendant") produce and make available to Plaintiff or its duly appointed
attorney and permit same to inspect and copy, the following described documents.
The production, inspection and copying of these documents shall occur at the
office of Glenn Boghosian, Esq., 45 Haverhill Street, Andover, MA 01810 within
thirty (30) days from the date of this request.

Defendant is required to produce all documents, as described below,
within its possession, custody and control or within the possession, custody and
control of its employees, agents, accountants or attorneys.

As used herein the word "document" shall have its customary broad
meaning and shall include, without limitation, the following items, whether
printed, recorded or reproduced by any other mechanical process, or written or
produced by hand, and whether or not claimed to be privileged against discovery
on any ground: contracts, ledgers, cancelled checks, bank statements,

A TRUE COPY ATTEST

CLERK

accountants' notes and work papers, agreements, communications, notes, correspondence, letters, telegrams, telexes, bulletins, memoranda, notebooks, summaries of records of telephone conversations, summaries or records of personal conversations or interviews, diaries, statistical statements, graphs, manuals, specifications, instructions, charts, plans, drawings, expressions or statements, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, opinions of counsel, records, reports or summaries of negotiations, photographs, brochures, pamphlets, advertisements, circulars, drafts of any documents, original or preliminary notes, marginal comments appearing on any document, stenographic or stenotype notes, videotapes and any voice recording whether on a tape or record.

For purposes of this Request, the term "Defendant" means both John W. Suydam d/b/a World Class Autos and World Class Cleaning of L.I., Inc. d/b/a World Class Auto and its officers, directors, representatives, employees, attorneys, accountants and agents.

For purposes of this Request, the term "Plaintiff" means Lease and Rental Management Corp. d/b/a Auto Loan and its officers, directors, representatives, employees, attorneys, accountants and agents.

For purposes of this Request, the term "communication" means, refers to and includes any written or oral transmission of fact, information or opinion, including any utterance made by any natural person, by whatever method or means made or heard, any notation or any statement of any nature whatsoever and including, without limitation, documents and correspondence as defined herein.

For purposes of this Request, the term "correspondence: means, refers to and includes any letter, telegram, telex, TWX, notice, message, memorandum, bulletin or any other written communication or transcription or notes of a communication.

A TRUE COPY ATTEST

CLERK

With respect to any document withheld on the basis of any legal objection or privilege, please indicate the following information for each such withheld document:

a.   the date of the document;

b.   the general character or type of document and its subject matter (i.e., letter, memorandum, notes of meeting, etc.)

c.   The identity of the person in possession of the document;

d.   The identify of the author of the document;

c.   The identity of the original recipient or holder of the document, and

f.   The legal basis, including, but not limited to, any legal objection or privilege, for withholding the document.

Unless otherwise indicated, the time period ("relevant period") covered by these Requests shall be from January 1999 through the date of this Request for Production of Documents.

## REQUESTED DOCUMENTS

1.   Any and all contracts, stipulations, addendums and agreements which you believe constitute a contract between Plaintiff and Defendant.

2.   Any and all contracts, stipulations, addendums and agreements which you are relying upon in connection with this matter.

3.   Any and all documents constituting, referring or relating to correspondence or communication by and between Plaintiff on the one hand and Defendant on the other.

4.   Any and all documents showing, demonstrating or indicating that Plaintiff failed to complete accounting and financial services in a quality manner for Defendant as was agreed upon by the parties.

5.   Any and all documents containing, relating or referring to accountings which Plaintiff provided to Defendant.

A TRUE COPY ATTEST

CLERK

6. Any and all documents showing, demonstrating or indicating that Plaintiff failed to provide proper accountings to Defendant.

7. Any and all documents showing, demonstrating or indicating that Plaintiff failed to follow procedural guidelines required in the contract.

8. Any and all documents containing, relating or referring to accountings which Defendant provided to Plaintiff.

9. Any and all documents showing, demonstrating or indicating that Defendant requested to work with Plaintiff to resolve outstanding amounts due on any vehicles, including dealer receivables.

10. Any and all documents showing, demonstrating or indicating that Plaintiff made misrepresentations to Defendant, referring to holdback or dealer receivables.

11. Any and all documents provided by Plaintiff upon which Defendant relied upon and expected payment upon.

12. Any and all documents showing, demonstrating or indicating Defendant making a request for information to Plaintiff.

13. Any and all documents related to down payments and trade-ins on transactions financed by Plaintiff.

14. Any and all documents relating or referring to financial information of Defendant that was submitted to Plaintiff in connection with entering into Dealer Agreements, including financial statements, income statements, profit and loss statements, balance sheets, statements of net worth and statements of changes in financial position, whether actual or pro-forma.

15. Any and all documents that indicate, refer to or relate to the actual sales, profits and/or losses of Defendant from 1999 through the date of this Request, including financial statements, income statements, profit and loss statements, balance sheets, statements of net worth and statements of changes in financial position, whether actual or pro-forma.

16. Any and all documents constituting, referring to or relating to Defendant's policies and procedures to be followed in selling or leasing a vehicle to a consumer, including, without limitation, policies and procedures regarding oral and written representations which may and/or must be made to consumers, policies and procedures regarding warranties, repair and credit qualifications.

A TRUE COPY ATTEST

CLERK

17. Any and all documents relating to the acquisition costs and other costs to Defendant on cars financed by Plaintiff.

18. Any and all repair orders and other documentation relating to repairs or work done by Defendant's agents on vehicles financed by Plaintiff, both before and after the transaction with the consumer.

19. Any and all documents related or referring to complaints from consumers on vehicles financed by Plaintiff, including, but not limited to, Attorney General's complaints, Banking Division, Better Business Bureau correspondence and warranty issues.

LEASE AND RENTAL
MANAGEMENT CORP. d/b/a
AUTO LOAN
by its attorney,


Dated: 3-19-04

_____
Glenn Boghosian, Esq.
Boghosian & Morris
45 Haverhill Street
Andover, MA 01810
(978) 749-0461


## CERTIFICATE OF SERVICE

I, Glenn Boghosian, Esq., hereby certified that a copy of the foregoing document has been forwarded, postage prepaid, U.S. Mail, to counsel for the opposing party, Domenic S. Terranova.


_____
Glenn Boghosian

2005 APR 8 A 11: 03

DISTRICT COURT
LAWRENCE DIVISION
ADMITTED TO RECORD

A TRUE COPY ATTEST

CLERK

# BOGHOSIAN & MORRIS

### ATTORNEYS AT LAW
### 45 HAVERHILL STREET
### ANDOVER, MASSACHUSETTS 01810

Atty. Glenn Boghosian*
Atty. Mary P. Morris+
*Also admitted in NH
+ Also admitted in CT

October 19, 2004

(978) 475-4883
Telecopier (978) 684-5253

Domenic S. Terranova, Esq.
2350 Turnpike Street
North Andover, MA 01845-6347

> RE:    Lease and Rental Management Corp.
>        Vs. World Class Motors

Dear Attorney Terranova:

As you know, I sent you a document request on 8-19-04 and have not had a response. I tried to reach you by phone and left a message on 10-05-04 and 10-13-04.

Please contact me to let me know the status of this request, and do not hesitate to ask any questions you may have.

Sincerely,

Glenn Boghosian

GB/md

A TRUE COPY ATTEST

## CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE THIS DAY SERVED A COPY OF THE ATTACHED:

    Motion to Compel Response to Request for Production of Documents

TO THE PLAINTIFF BY MAILING A COPY THEREOF POSTAGE PREPAID TO:

    Domenic Terranova, Esq.
    2350 Turnpike Street
    North Andover, MA 01845

Dated:  4-5-05

    Glenn Boghosian
    Boghosian & Morris
    45 Haverhill Street
    Andover, MA 01810
    (978) 749-0461

A TRUE COPY ATTEST

| NOTICE OF PRETRIAL CONFERENCE | DOCKET NO. 0418CU00528 | Trial Court of Massachusetts District Court Department |
|---|---|---|

PLAINTIFF(S) *Lease and Rental Management Corp.*

VS.
DEFENDANT(S) *John W. Suydam DBA World Class Auto*

COURT DIVISION

**Lawrence District Court**
**Fenton Judicial Center**
2 Appleton Street
Lawrence, MA 01840-1525

A pretrial conference will be held on __June 15, 2005__

CONFERENCE DATE

at __2:30__ at the __LAWRENCE__ District Court, __#2__
TIME                     COURT                                    COURTROOM

Pursuant to Mass. R. Civ. P. 16, the parties are ORDERED as follows:

1. **Settlement.** Plaintiff counsel shall contact opposing counsel to discuss settlement in advance of the conference. Defense counsel shall, after conferring with the defendant(s), respond to any settlement demand made by the plaintiff(s). Counsel for each party shall discuss with their client(s) the estimated costs of further litigation through trial, and shall certify in the pretrial memorandum that such discussion has occurred.

2. **Memorandum.** At least three weeks before the conference, plaintiff counsel shall prepare and serve a draft joint pretrial memorandum to opposing counsel, consisting of *no more than 5 pages*, setting forth: (A) a concise summary of the claim and defenses; (B) a list of witnesses, including experts, and a concise summary of the testimony anticipated from each witness; (C) facts established by pleadings, stipulation or admission; (D) an itemized list of special damages, if any; (E) the estimated length of trial; (F) certification by each counsel that their client(s) have been apprised of estimated litigation costs. At least two weeks before the conference, defense counsel shall prepare and serve any revisions to the memorandum. Counsel for all parties shall thereafter confer and, at least one week before the conference, file a joint pre-trial memorandum with the court.

3. **Authority.** Counsel are expected to have full authority to settle and file stipulations of dismissal or agreements for judgment at the pretrial conference. All parties shall be available for telephone consultation by counsel during the pretrial conference.

4. **Continuances.** Requests for continuances of the pretrial conference shall be made in writing and addressed to the attention of __Maria T. Abascal – First Assistant Clerk Magistrate__.
NAME AND TITLE
Requests shall specify the next pretrial conference dates that all counsel are available.

5. **Trial Date.** A firm trial date will be set by the Court and counsel if the case does not settle at the pretrial conference.

6. **Sanctions.** Failure to comply with this order, or failure to appear at the pretrial conference, may result in sanctions including but not limited to assessment of costs, entry of default or dismissal.

7. **Liaison.** Please refer all questions, as well as reports of settlement in advance of the pretrial conference, to

__Donna M. Bellandi – Case Specialist__ at __978-687-7184 x2316__.
NAME AND TITLE                                                         TELEPHONE NO.

_____        _____
Justice                                                      Date

6/04

**A TRUE COPY ATTEST**

CLERK

51

| CASE MANAGEMENT CONFERENCE REPORT | DOCKET NO. 0418CV00528 | Trial Court of Massachusetts District Court Department |
|---|---|---|

PLAINTIFF(S) *Lease and Rental Management Corp*

VS.
DEFENDANT(S) *DIBIA auto Loan*

*John W. Suydam DIBIA world Class auto*

**COURT DIVISION**

**Lawrence District Court**
**Fenton Judicial Center**
2 Appleton Street
Lawrence, MA 01840-1525

---

*(To be completed following every case management conference except those resulting in the scheduling of a trial.)*

The following summarizes the results of the Case Management Conference held in this action on

_____ *February 8, 2005* _____
(Date(s))

☐ Possibility of settlement discussed. _____

☐ Alternative dispute resolution attempted. _____

☐ Parties report the following stipulations and/or agreements:

_____

_____

_____

☐ Orders were issued as follows (judge only):

_____

_____

_____

☒ Pretrial Conference scheduled for *June 15, 2005* and notice given to parties.
(Date)

_____
Signature of Justice/Clerk Magistrate/Assistant Clerk
who conducted the conference

8/04

A TRUE COPY ATTEST

50

COMMONWEALTH OF MASSACHUSETTS

Essex, ss

Lawrence District Court
C.A. No. 0418 CV 528

)
LEASE AND RENTAL          )
MANAGEMENT CORP.          )
   Plaintiff              )
                         )
vs.                       )
                         )
JOHN W. SUYDAM d/b/a      )
WORLD CLASS AUTO          )
   Defendant              )
                       )

## **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Now comes the Plaintiff, Lease and Rental Management Corp. and by way of answer to the Defendant's Counterclaim says as follows:

## **FIRST COUNTERCLAIM**

1.    The Plaintiff (Defendant-in-Counterclaim) admits the allegations in Paragraph 5.

2.    The Plaintiff (Defendant-in-Counterclaim) admits the allegations in Paragraph 6.

3.    The Plaintiff (Defendant-in-Counterclaim) denies the allegations in Paragraph 7.

4.    The Plaintiff (Defendant-in-Counterclaim) denies the allegations in Paragraph 8.

5.    The Plaintiff (Defendant-in-Counterclaim) is without knowledge as to the allegations in Paragraph 9.

## **AFFIRMATIVE DEFENSES**

And further answering, the Plaintiff asserts the following affirmative defenses.

A TRUE COPY ATTEST

## FIRST AFFIRMATIVE DEFENSE

The counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is estopped by its own actions from seeking the relief requested.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim has no right of recovery against Defendant-in-Counterclaim predicated on the Contract, given that Plaintiff materially breached the terms of the Contract.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff-in-Counterclaim is not entitled to the relief requested insofar as the Plaintiff-in-Counterclaim willfully and intentionally violated the terms of the Contract.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff-in-Counterclaim claims against Defendant-in-Counterclaim must fail by reason of laches.

## SIXTH AFFIRMATIVE DEFENSE

By its acts or conduct, the Plaintiff-in-Counterclaim has waived any and all rights its might have had against the Defendant-in-Counterclaim.

WHEREFORE, Lease and Rental Management Corp. requests that this Honorable Court enter Judgment for it against the Defendant, John W. Suydam and order the Defendant, John W. Suydam, recover no money. Further, Lease and Rental Management Corp. moves that it be awarded attorney's fees, costs and interest all as allowed by law.

LEASE AND RENTAL
MANAGEMENT CORP.
By its attorney,

Dated:  6/10-04

Glenn Boghosian, Esq.
Boghosian & Morris
45 Haverhill Street
Andover, MA 01810
(978) 749-0461

A TRUE COPY ATTEST

CLERK

| Small Claims **DOCKET** | DOCKET NUMBER **200318SC000106** | al Court of Massachusetts District Court Department |
|---|---|---|

| CASE NAME **LEASE AND RENTAL MANAGEMENT CORP D/B/A AUTO LOAN vs. JOHN W. SUYDAM D/B/A WORLD CLASS AUTO** | | | CURRENT COURT Lawrence District Court 2 Appleton Street Fenton Judicial Center Lawrence, MA 01840-1525 (978) 687-7184 |

| ASSOCIATED DOCKET NO. | DATE FILED 01/15/2003 | DATE DISPOSED 06/01/2004 | |
|---|---|---|---|

| PLAINTIFF(S) | PLAINTIFF'S ATTORNEY |
|---|---|
| P01   LEASE AND RENTAL MANAGEMENT CORP   D/B/A  AUTO LOAN C/O KENNETH MACGRATH 45 HAVERHILL STREET ANDOVER, MA 01810 (978) 475-4883 | GLENN DOUGLAS BOGHOSIAN 45 HAVERHILL STREET ANDOVER, MA 01810 (978) 475-4883 |

| DEFENDANT(S)/OTHER SINGLE PARTIES | DEFENDANT'S ATTORNEY |
|---|---|
| D01   JOHN W. SUYDAM  D/B/A  WORLD CLASS AUTO 25 ARPAGE DRIVE SHIRLEY, NY 11967 | DOMENIC S. TERRANOVA 2350 TURNPIKE STREET NORTH ANDO, MA 01845 (978) 975-4540 |

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 04/10/2003 | Statement of Small Claim entered on 01/15/2003 at Lawrence District Court. |
| 2 | 04/10/2003 | Filing fee of $15.00 and surcharge of $4.00 paid (G.L. c.218 §22; 262 §4C). |
| 3 | 04/10/2003 | MAGISTRATE TRIAL SCHEDULED for 02/02/2004 09:00 AM . |
| 4 | 04/10/2003 | Small claim notice of trial issued to plaintiff(s) by first class mail , and to defendant(s) by certified and first class mail (Uniform Small Claims Rule 3(a)). |
| 5 | 04/17/2003 | Return of service on small claim notice of trial to D01  JOHN W. SUYDAM : Long-arm service SERVED (G.L. c.223 §6) . |
| 6 | 01/29/2004 | Appearance for John W. Suydam D/b/a World Class Auto filed by Attorney DOMENIC S. TERRANOVA 166 North Main Street P.O. Box 778 Andover MA 01810-0013 BBO# 494740 |
| 7 | 01/29/2004 | MAGISTRATE TRIAL SCHEDULED on 2/2/04 09:00 AM RESCHEDULED for 2/23/04 09:00 AM. Reason: Other. (Continued for trial with plaintiff's assent.) |

TRUE COPY ATTEST                                                CLERK

| | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK **X** | | DATE |
|---|---|---|---|---|
| Page 1 of 2 | | | | |

| DOCKET CONTINUATION | DOCKET NUMBER |
| --- | --- |
| | 200318SC000106 |

| NO. | ENTRY DATE | DOCKET ENTRIES |
| --- | --- | --- |
| 8 | 02/20/2004 | MAGISTRATE TRIAL SCHEDULED on 2/23/04 09:00 AM RESCHEDULED for 3/29/04 09:00 AM. Reason: Other. (Assented to by defendant.) |
| 9 | 02/20/2004 | Appearance for Lease And Rental Management Corp D/b/a Auto Loan filed by Attorney GLENN DOUGLAS BOGHOSIAN 45 Haverhill Street Andover MA 01810 BBO# 547341 |
| 10 | 03/23/2004 | MAGISTRATE TRIAL SCHEDULED on 3/29/04 09:00 AM RESCHEDULED for 5/17/04 09:00 AM. Reason: Other. |
| 11 | 05/06/2004 | Answer filed by D01 JOHN W. SUYDAM. |
| 12 | 05/06/2004 | Counterclaim statement of small claim filed by D01 JOHN W. SUYDAM against P01 LEASE AND RENTAL MANAGEMENT CORP (G.L. c.218 §21). |
| 13 | 05/06/2004 | Motion to transfer to regular civil docket (G.L. c.218 §24; Uniform Small Claims Rule 4[a]) filed by D01 JOHN W. SUYDAM. |
| 14 | 05/12/2004 | MAGISTRATE TRIAL SCHEDULED on 5/17/04 09:00 AM RESCHEDULED for 5/12/04 09:00 AM. Reason: Other. (Both parties appeared - thought the date was for 05/12/04 but marked the motion for 06/12/04.) |
| 15 | 06/01/2004 | On 05/12/04 motion to transfer to regular civil docket (G.L. c.218 §24; Uniform Small Claims Rule 4[a]) filed by D01 JOHN W. SUYDAM and assented to by other party(ies). |
| 16 | 06/01/2004 | Transferred to regular civil docket (G.L. c.218 §24; Uniform Small Claims Rule 4(a)) ( Abascal, First AC-M Maria ). |
| 17 | 06/01/2004 | Notified both parties of new civil docket number. |
| 18 | 06/01/2004 | Case Inactivated: No future events scheduled. |

A TRUE COPY ATTEST

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK  X | | DATE |
| --- | --- | --- | --- | --- |

Date/Time Printed: 06/01/2004 02:20 PM

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
DISTRICT COURT DEPARTMENT

LAWRENCE DIVISION                    SMALL CLAIM NO. 0318SC0106

LEASE AND RENTAL MANAGEMENT CORP.
D/B/A AUTO LOAN, PLAINTIFF

V.

JOHN W. SUYDAM, D/B/A
WORLD CLASS AUTO, DEFENDANT

## DEFENDANT'S MOTION TO TRANSFER ACTION
## TO REGULAR CIVIL DOCKET

Now comes the Defendant, John W. Suydam, d/b/a World Class Auto,
and moves pursuant to the provisions of Small Claims Rule 4 of
the District Courts that the Court enter an order transferring
this action to the regular civil docket of this court for trial
before a jury of six persons as set forth on the proposed order
filed herewith.

In support of this motion, the Defendant says that he is enti-
tled to a jury trial under the constitutions of the United
States and the Commonwealth of Massachusetts.

In addition the Defendant says that he is the assignee of a
claim that exceeds $95,000.00 against the Plaintiff, which sum
far exceeds the small claims limit.

A TRUE COPY ATTEST

1

John W. Suydam, d/b/a
World Class Auto
by this attorney,

_Domenic S. Terranova_

Domenic S. Terranova, Esq.
BBO #494740
2350 Turnpike Street
North Andover, MA 01845-6347
Tel. (978) 975-4540
FAX  (978) 975-4542

## NOTICE OF MOTION

To:  Glenn Boghosian, Esq.,
     45 Haverhill Street
     Andover, MA 01810

Take notice that the undersigned as attorney for the Defendant
in this action, will present the motion to which this notice is
attached before the Justices of the Lawrence Division of the
District Court Department of the Trial Court sitting at Law-
rence, on Wednesday, June 12, 2004 at 9:00 AM or as soon there-
after as counsel may be heard.  You are invited to attend and be
heard.

Domenic S. Terranova, Esq.

A TRUE COPY

2

## AFFIDAVIT OF SERVICE

The undersigned as attorney for the defendant hereby certifies
under the pains and penalties of perjury, that he served a copy
of the pleading or other paper to which this affidavit is
attached by delivering or mailing the same, postage prepaid to
the other parties, or their attorneys as set forth on the
following list:

**PARTY**                          **ATTORNEY & ADDRESS**

Lease and Rental Management        Glenn Boghosian, Esq.
Corp.                              Boghosian and Morris
                                   45 Haverhill Street
                                   Andover, MA 01810

Date of Mailing:   May 5, 2004
Date of Affidavit: May 5, 2004

Domenic S. Terranova, Esq.

A TRUE COPY ATTEST                                    CLERK

1

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
DISTRICT COURT DEPARTMENT

LAWRENCE DIVISION                SMALL CLAIM NO. 0318SC0106

LEASE AND RENTAL MANAGEMENT CORP.
D/B/A AUTO LOAN, PLAINTIFF

V.

JOHN W. SUYDAM, D/B/A
WORLD CLASS AUTO, DEFENDANT

## (PORPOSED) ORDER ON DEFENDANT'S MOTION TO TRANSFER ACTION TO REGULAR CIVIL DOCKET

This action is hereby transferred to the regular civil docket of
this court for trial before a jury of six persons as requested
by the Defendant.

Date:                    (              , J.)

2004 MAY -5  P 2:48

A TRUE COPY ATTEST

1

## **AFFIDAVIT OF SERVICE**

The undersigned as attorney for the defendant hereby certifies
under the pains and penalties of perjury, that he served a copy
of the pleading or other paper to which this affidavit is
attached by delivering or mailing the same, postage prepaid to
the other parties, or their attorneys as set forth on the
following list:

|  |  |
|---|---|
| **PARTY** | **ATTORNEY & ADDRESS** |

Lease and Rental Management          Glenn Boghosian, Esq.
Corp.                                Boghosian and Morris
                                     45 Haverhill Street
                                     Andover, MA 01810

Date of Mailing:    May 5, 2004
Date of Affidavit:  May 5, 2004

Domenic S. Terranova, Esq.

2004 MAY -5  P 2: 48

A TRUE COPY ATTEST

1

# BOGHOSIAN & MORRIS
## ATTORNEYS AT LAW
45 HAVERHILL STREET
ANDOVER, MASSACHUSETTS 01810

Atty. Glenn Boghosian*
Atty. Mary P. Morris+
*Also admitted in NH
+ Also admitted in CT

区 24   2 13 PM '04

DISTRICT COURT

(978) 475-4883
Telecopier (978) 470-3534

March 23, 2004

Small Claims Clerk
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840
Attn: Jane

> RE:    Lease and Rental Management Corp. v.
> John W. Suydam d/b/a World Class Auto
> # 0318-SC-0106

Dear Jane:

Pursuant to our conversation, this letter is to confirm that the above referenced case has been rescheduled from March 29, 2004 to May 17, 2004, by consent of both parties.

Thank you for your assistance.

Very truly yours,

Glenn Boghosian

cc: Domenic S. Terranova, Esq.

A TRUE COPY ATTEST

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, s. 5 | | DOCKET NUMBER(S) *(Assigned by Clerk)* | Trial Court of<br>Massachusetts |
|---|---|---|---|
| PLAINTIFF(S) *LEASE and RENTAL MANAGEMENT*<br>*CORP., d/b/a* | DEFENDANT(S)<br>*JOHN W. SUYDAM* | | |
| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BERKSHIRE, ESSEX, MIDDLESEX AND NORFOLK COUNTIES. | *LAWRENCE* _____ DISTRICT COURT | | |

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 5. Total other expenses *(Describe)*: _____ | $ _____ |
| SUBTOTAL: | $ _____ |
| B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . . . . . . | $ _____ |
| E. Reasonably anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F. Other documented items of damage *(Describe)*: _____ | $ _____ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury *(Describe)* | |
| For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** | $ _____ |

LAWRENCE DISTRICT COURT — ADMITTED TO RECORD — 2004 MAY -5 P 2:48

TRUE COPY ATTEST

Clerk

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| **Provide a detailed description of claim(s):** *counter* DEFENDANT-IN-COUNTERCLAIM (PLAINTIFF) BREACHED A COMMERCIAL CONTRACT AND OWES PLAINTIFF-IN-COUNTER-CLAIM (DEFENDANT/ASSIGNEE) APPROXIMATELY $95,000.00 | $ _____<br>$ _____<br>$ 95,000.00 |
| For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** | $ 95,000.00 |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): *IN COUNTER-CLAIM* | DEFENDANT'S NAME AND ADDRESS: *IN COUNTER-CLAIM* |
|---|---|
| *Dominic S. Terranova*  5-5-04<br>**Signature**        **Date** | *GLENN BOGHOSIAN, ESQ.* |
| *DOMINIC S. TERRANOVA, ESQ* 494740<br>**Print or Type Name**        **B.B.O.#** | *45 HAVERHILL ST.* |
| *2350 TURNPIKE ST., NORTH ANDOVER, MA 01845*<br>**Address**   978-975-4540 | *ANDOVER, MA 01810*<br>978-475-4883 |

/2000

**COMMONWEALTH OF MASSACHUSETTS**
**TRIAL COURT**
**DISTRICT COURT DEPARTMENT**

**LAWRENCE DIVISION**              **SMALL CLAIM NO. 0318SC0106**

**LEASE AND RENTAL MANAGEMENT CORP.**
**D/B/A AUTO LOAN, PLAINTIFF**

**V.**

**JOHN W. SUYDAM, D/B/A**
**WORLD CLASS AUTO, DEFENDANT**

### DEFENDANT'S MOTION TO RESCHEDULE TRIAL DATE OF   ACTION
### (WITH PLAINTIFF'S ASSENT)

Now comes the Defendant, John W. Suydam, d/b/a World Class Auto,
and moves that the hearing of this action be rescheduled to Mon-
day February 23, 2004 at 9:00 AM.


John W. Suydam, d/b/a                    Assented to by telephone
World Class Auto                         Lease & Rental Mgmnt. Corp.
by this attorney,                        by its agent


Domenic S. Terranova, Esq.               Kenneth MacGrath
BBO #494740                              45 Haverhill Street
2350 Turnpike Street                     Andover, MA 01810
North Andover, MA 01845-6347             Tel. (978) 475-4883
Tel. (978) 975-4540                      Fax (978) 749-0322
FAX  (978) 975-4542


A TRUE COPY ATTEST

CLERK

**COMMONWEALTH OF MASSACHUSETTS**
**TRIAL COURT**
**DISTRICT COURT DEPARTMENT**

**LAWRENCE DIVISION**                    **SMALL CLAIM NO. 0318SC0106**

**LEASE AND RENTAL MANAGEMENT CORP.**
**D/B/A AUTO LOAN, PLAINTIFF**

**V.**

**JOHN W. SUYDAM, D/B/A**
**WORLD CLASS AUTO, DEFENDANT**

## NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE NAMED COURT:

Please enter my appearance as attorney for the Defendant, JOHN
W. SUYDAM, d/b/a World Class Auto, in the above entitled case.

Dated: January 26, 2004

John W. Suydam, d/b/a
World Class Auto
by this attorney,

Domenic S. Terranova, Esq.
BBO #494740
2350 Turnpike Street
North Andover, MA 01845-6347
Tel. (978) 975-4540
FAX  (978) 975-4542

A TRUE COPY ATTEST

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT
## DISTRICT COURT DEPARTMENT

LAWRENCE DIVISION                    SMALL CLAIM NO. 0318SC0106

LEASE AND RENTAL MANAGEMENT )
CORP. d/b/a AUTO LOAN )
    Plaintiff )
  )
v. )
  )
JOHN W. SUYDAM d/b/a WORLD )
CLASS AUTO )
    Defendant )
  )

### <u>NOTICE OF APPEARANCE</u>

TO THE CLERK OF THE ABOVE NAMED COURT:

Please enter my appearance as attorney for the Plaintiff, Lease and Rental
Management Corp., in the above-entitled case.

Dated: 2-11-04

    LEASE AND RENTAL MANAGEMENT
    CORP. BY ITS ATTORNEY

    Glenn Boghosian
    Boghosian & Morris
    45 Haverhill Street
    Andover, MA 01810
    Tel. (978) 749-0461

A TRUE COPY ATTEST

## COMMONWEALTH OF MASSACHUSETTS
### TRIAL COURT
### DISTRICT COURT DEPARTMENT

LAWRENCE DIVISION                    SMALL CLAIM NO. 0318SC0106

|  |  |
|---|---|
| LEASE AND RENTAL MANAGEMENT | ) |
| CORP. d/b/a AUTO LOAN | ) |
|    Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| JOHN W. SUYDAM d/b/a WORLD | ) |
| CLASS AUTO | ) |
|    Defendant | ) |
|  | ) |

## PLAINTIFF'S MOTION TO RESCHEDULE TRIAL DATE OF ACTION
## (WITH PLAINTIFF'S ASSENT)

Now comes the Plaintiff, Lease and Rental Management Corp. d/b/a Auto Loan and moves that the hearing of this action be rescheduled to Monday, March 29, 2004 at 9:00 AM.

Assented to by telephone                Lease and Rental Management
John W. Suydam d/b/a                     Corp. by its attorney
World Class Auto
By its attorney

Domenic S. Terranova, Esq.               Glenn Boghosian, Esq.
2350 Turnpike Street                     Haverhill Street
North Andover, MA 01845-6347             Andover, MA 01810
Tel. (978) 975-4540                      Tel. (978) 749-0461

TRUE COPY ATTEST

# BOGHOSIAN & MORRIS
## ATTORNEYS AT LAW
### 45 HAVERHILL STREET
### ANDOVER, MASSACHUSETTS 01810

Atty. Glenn Boghosian*
Atty. Mary P. Morris+
*Also admitted in NH
+ Also admitted in CT

(978) 475-4883
Telecopier (978) 470-3534

February 11, 2004

Small Claims Clerk
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840

     RE:    Lease and Rental Management Corp. v. John W. Suydam
           Lawrence District Court - #0318SC0106

Dear Sir or Madam:

     I enclose my notice of appearance and the Plaintiff's Motion (with telephone assent by Defendant) to Continue the hearing on the merits of this action to 9:00 AM on Monday, March 29, 2004.

     Thank you for your assistance.

Very truly yours,

Glenn Boghosian

GB/cj
Enclosures
cc: Domenic S. Terranova

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
DISTRICT COURT DEPARTMENT

LAWRENCE DIVISION            SMALL CLAIM NO. 0318SC0106

LEASE AND RENTAL MANAGEMENT CORP.
D/B/A AUTO LOAN, PLAINTIFF

V.

JOHN W. SUYDAM, D/B/A
WORLD CLASS AUTO, DEFENDANT

## DEFENDANT'S ANSWER, COUNTER-CLAIM, AFFIRMATIVE DEFENSES AND JURY CLAIM

Defendant, by Domenic S. Terranova, his attorney, submits the following answer to the allegations contained in the Plaintiff's small claim statement of a cause of action.

1.    The Defendant denies the Plaintiff's corporate existence and calls upon the Plaintiff to prove the same at the trial of this action.

2.    The Defendant denies the allegations that he personally guaranteed the obligations of the entity known as "World Class Cars", and calls upon the Plaintiff to prove the same at trial of this action.

3.    Defendant further denies that the Plaintiff has suffered any damages under the alleged contract identified as 52-33747 relating to one Cory P. Jackson.

A TRUE COPY ATTEST

1

4.     Defendant further denies that the Plaintiff has suffered
any damages under the alleged contract identified as 52-35947
relating to one Barbara McBride.

## FIRST COUNTER-CLAIM

5.     The Plaintiff in Counter claim is the Defendant, John W.
Suydam, if 25 Arpage Drive, Shorley, State of New York 11967.

6.     The Defendant in Counter-claim is Plaintiff, Lease and
Rental Management Corp., of 45 Haverhill Street, Andover, Massa-
chusetts 01810.

7.     Defendant in Counter-claim is indebted to an entity known
as World Class Cleaning of L. I, Inc, a New York Corporation
with a usual place of business at 330 East Main Street,
Patchouge, New York 11772 in an amount that exceeds $95,000.00,
as the approximate net money due to them for various contracts
made between them beginning in June of 1998.

8.     The Defendant in Counter-claim has neglected or refused to
pay World Class Cleaning of L. I., Inc., all sums justly due to
them.

9.     World Class Cleaning of L.I., Inc., has made an assignment
to the Plaintiff in Counter-claim to of their claims against the
Defendant in Counter-claim.

WHEREFORE, The Plaintiff in Counter-claim, as assignee of World
Class Cleaning of L.I., Inc., demands judgment against the De-
fendant in counter-claim of all sums due to World Class Cleaning

**A TRUE COPY ATTEST**

2

of L.I., Inc., together with interest, costs and attorneys fees
as may be allowed by statute.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE - LACHES

The plaintiff is not entitled to maintain this action because
of his laches, in that the plaintiff had knowledge of all of the
acts of the defendant set forth in the complaint and all of the
facts in connection therewith, and nevertheless the plaintiff
refrained from commencing this action until January 5, 2003, and
the defendant, during such period, changed his position.

### SECOND AFFIRMATIVE DEFENSE - PAYMENT

Prior to the commencement of this action, the defendant
paid, satisfied and discharged the alleged claim of the Plain-
tiff set forth in the complaint herein by payment to the plain-
tiff.

### THIRD AFFIRMATIVE DEFENSE - STATUTE OF FRAUDS

The contract or agreement upon which the plaintiff's action
is based is not in writing and signed by the defendant or some
person lawfully authorized by the defendant as provided by
M.G.L.A. chapter 259.

### FOURTH AFFIRMATIVE DEFENSE - STATUTE OF LIMITATIONS

The plaintiff is barred from recovery because this action has
not been brought within the time specified by M.G.L.A. chapter
260, the Statute of Limitations.

A TRUE COPY ATTEST

3

## JURY CLAIM

The Defendant, John W. Suydam, demands trial by jury of six in the District Court as allowed by the constitutions of the United States, the Commonwealth of Massachusetts and the statutes of the Commonwealth of Massachusetts.

> John W. Suydam, d/b/a
> World Class Auto
> by this attorney,
>
> Domenic S. Terranova, Esq.
> BBO #494740
> 2350 Turnpike Street
> North Andover, MA 01845-6347
> Tel. (978) 975-4540
> FAX  (978) 975-4542

## AFFIDAVIT OF SERVICE

The undersigned as attorney for the defendant hereby certifies under the pains and penalties of perjury, that he served a copy of the pleading or other paper to which this affidavit is attached by delivering or mailing the same, postage prepaid to the other parties, or their attorneys as set forth on the following list:

**PARTY**                              **ATTORNEY & ADDRESS**

Lease and Rental Management            Glenn Boghosian, Esq.
Corp.                                  Boghosian and Morris
                                       45 Haverhill Street
                                       Andover, MA 01810

Date of Mailing:   May 5, 2004
Date of Affidavit: May 5, 2004

Domenic S. Terranova, Esq.

A TRUE COPY ATTEST

4

# DOMENIC S. TERRANOVA

ATTORNEY -AT- LAW
2350 TURNPIKE STREET
NORTH ANDOVER, MASSACHUSETTS 01845-6347

-------

TEL (978) 975-4540
FAX (978) 975-4542

May 5, 2004

Small Claims Clerk
Lawrence District Court
2 Appleton Street
Lawrence, MA 01840

Re:   Lease and Rental Management Corp. v. John W. Suydam
      Lawrence District Court - #0318SC0106

Madam:

Kindly place the enclosed motion to transfer this action to the
regular civil docket on the list for hearing at the Small Claims
motion session at 9:00 AM on Wednesday, May 12, 2004.

I also enclose the Defendant's answer and counter-claim with
jury claim, a proposed order of transfer of this action to the
regular civil docket of this court and a civil action cover
sheet.

Copies of this letter and the enclosures have been delivered to-
day to Plaintiff's attorney.

Thank you for your attention to this letter.

Very truly yours,

Domenic S. Terranova

DST:so
Enclosures (3)
Cc:   Glenn Boghosian, Esq., (w/encls)
      Kenneth MacGrath (w/encls)
      John Suydam (w/encls)

A TRUE COPY ATTEST

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | | 0318 SC 0106 | at Court of Massachusetts Small Claims Session | |
|---|---|---|---|---|

| PART 1 | ☐ BOSTON MUNICIPAL COURT | ☒ DISTRICT COURT *LAWRENCE* Division | ☐ HOUSING COURT Division |
|---|---|---|---|

**PART 2**

PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE

LEASE AND RENTAL MANAGEMENT CORP. dba AUTO-LOAN
C/O KENNETH MACGRATH
45 HAVERHILL ST
ANDOVER, MA. 01810

PHONE NO: 978-475-4883

PLAINTIFF'S ATTORNEY (if any)
Name: _____
Address: _____
PHONE NO: _____
BBO NO: _____

**PART 3**

DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE

John W. Suydam dba World Class
25 Arpage Drive
Shirley, N.Y. 11967

PHONE NO: _____

ADDITIONAL DEFENDANT (if any)
Name: _____
Address: _____
PHONE NO: _____

**PART 4**

PLAINTIFF'S CLAIM. The defendant owes $ 1418.20 plus $ 19.00 court costs for the following reasons: Give the date of the event that is the basis of your claim.

Defendant personally guaranteed a dealer contract dated 1/26/99 between plaintiff and World Class Cars. Pursuant to the agreement the defendant is contractually obligated to pay plaintiff up to the $500.00 loss plus prorata warranty, life/ accident and health per contract purchased by plaintiff from defendant. Plaintiff incurred a loss of $1418.20 on the following contracts: 52-33747 Cory P. Jackson $573.77, 52-35947 McBride Barbara $844.43,

*Lease and Rental Management Corp.*
BY: _____

SIGNATURE OF PLAINTIFF X _____   DATE 1/15/03

**PART 5**

MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will prepare the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**

MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:

☒ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

SIGNATURE OF PLAINTIFF _____   DATE _____

**NOTICE OF TRIAL**

NOTICE TO DEFENDANT:
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
Lawrence District Court
Fenton Judicial Center
2 Appleton St.
Lawrence, MA 01840

DATE AND TIME OF TRIAL
02/02/04   AT   9:00 AM
DATE        TIME

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED
◄ COURT USE ONLY ►

| FIRST JUSTICE Michael T. Stella, Jr. | CLERK-MAGISTRATE OR DESIGNEE R. Espin | ROOM NO. 2 |
|---|---|---|

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on reverse.

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John W. Suydam
dba World Class

0318 SC 106

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7003 0500 0000 1644 7654

PS Form 3811, August 2001         Domestic Return Receipt         102595-02-M-1540

---

CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

7003 0500 0000 1644 7654

Sent To   John W. Suydam dba
Street, Apt No;   World Class, Inc.
or PO Box No.
City, State, ZIP+4   0318 SC 106

PS Form 3800, June 2002         See Reverse for Instructions

A TRUE COPY ATTEST