UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEASE AND RENTAL MANAGEMENT CORP. D/B/A AUTO-USE,<br>　　　　　　　　　　　　Plaintiff<br><br>v.<br><br>JOHN W. SUYDAM, D/B/A WORLD CLASS AUTO,<br>　　　　　　　　　　　　Defendant | Case No. 05-11684NG |

**PLAINTIFF'S MOTION FOR SANCTIONS AND
THE DISMISSAL OF THE DEFENDANT'S COUNTERCLAIM**

# I. Background

　　1.　On October 6, 2005, the court (Gertner, J.) ordered this case to be remanded to the District Court of Lawrence.

　　2.　On October 26, 2005, the court ordered the defendant to pay $3,850 to the plaintiff as attorney's fees as a condition of its prior remand order.

　　3.　On October 26, 2005, plaintiff's counsel made written demand on defendant's counsel that said $3,850 be paid forthwith. (A copy is annexed hereto.)

　　4.　On November 28, 2005, plaintiff's counsel, again, made demand for the payment of said $3,850. (A copy is annexed hereto.)

　　5.　On December 14, 2005, plaintiff's counsel made yet another written demand for the payment of said $3,850. (A copy is annexed hereto.)

　　6.　Defendant's counsel spoke on the telephone with the plaintiff's counsel on or about December 21, 2005 and advised that said $3,850 would be paid by December 27, 2005. To date, said funds have not been paid.

## II. Request

Accordingly, the plaintiff moves that the defendant be sanctioned as follows:

1. That the defendant's counterclaim be dismissed with prejudice in lieu of any new sanctions, such as attorney's fees, covering this motion; and

2. That the defendant be held in contempt if said $3,850 is not paid within a time period that the court shall order.

                Respectfully submitted,

                LEASE AND RENTAL MANAGEMENT CORP.,
                d/b/a AUTO-USE, Plaintiff
                By its Attorney

                Evans J. Carter, Esq. (BBO # 076560)
                Evans J. Carter, P.C.
                P.O. Box 812
                Framingham, MA 01701
                (508) 875-1669

DATED: January 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2006, a true copy of the above document was served upon the attorney of record for the defendant by mailing same, postage prepaid, to Domenic S. Terranova, Esq., 2350 Turnpike Street, North Andover, MA 01845-6347.

                Evans-J--afte-

# DOCUMENT HISTORY

1. On June 10, 2004 Defendant made a request for documents to Plaintiff, which Plaintiff answered on August 19, 2004 (financial reconciliation report, holdback reports, dealer K, guaranty, checks paid to Defendant, UCC's); Plaintiff objected to some as overly broad and unduly burdensome.

2. On August 19, 2004,Plaintiff made a request to Defendant for documents.

   No response by Defendant despite telephone calls on October 5, 2004 and October 13, 2004; Plaintiff didn't pursue due to purported settlement agreement.

4. Settlement never signed, so on April 7, 2005 (7 '/2 months after requested) Plaintiff filed motion to compel with April 21, 2005 hearing.

5. On April 14, 2005 Defendant filled motion to compel (despite doing nothing in regard to Plaintiffs' response for 8 months).

6. On April 20, 2005 (the night before the hearing) Defendant dropped off an incomplete response to Plaintiffs request, after hours, in the foyer.

7. Parties agreed to reschedule hearing from April 21, 2005 to May 5, 2005 to review Defendant's documents and to meet for informational purposes; met in Plaintiffs' office with Mr. Terranova; went over holdback reports.

8. Hearing on May 5, 2005 on motion to compel by both parties; the Court ordered that each side was entitled to review eight files of the other side; Mr. Terranova asked to be able to choose the ones Plaintiff would provide (was fully aware of the scenario); court agreed and ordered that each side make a request to the other for eight files; court felt this sample more than adequate to examine accounting, how process works and if done properly.

        Judge ordered that the request for eight files be done by that day; Mr. Terranova and I agreed to extend the deadline for request to May 9, 2005 to give us time to decide which files we want.

10. Judge ordered that documents were to be provided by May 31, 2005.

11. Plaintiff made a written request for eight files and faxed on May 9, 2005 (see letter).

12. Defendant never made his request for the eight files despite my reminders on May 16, 2005 and June 6, 2005 (see letters).

13. Defendant never provided documents in response to my request, nor did it make its request pursuant to the Court's order.

14. Mr. Terranova and Defendant submitted affidavits that there were no more documents available for Plaintiff.

15. Plaintiff needed Defendant's documents to analyze performance of Defendant's portfolio, and its strength and performance; they would show conduct of business and why there were repossessions, and reductions, in holdback.

16. Court at pretrial hearing on June 15, 2005 ruled that the document issue is over and stressed that Defendant under oath claimed that no further documents exist, and if Defendant tries to introduce any, Plaintiff must reveal this and this would be a big problem.

17. On August 12 at 7:51 am I faxed a letter to Mr. Terranova requesting we meet to sit confer on the exhibits as required in the trial order.

18. Terranova moved to U. S. District Court.

# EVANS J. CARTER, LC.

P.O. Box 812
FRAMINGHAM, MA 01701
TELEPHONE: (508) 875-1669
TELEFAX: (508) 875-1449

*E-mail: elcaityliaveri:on.net*
*Office: 860 Worcester Road (R t. 9),    Floor*
*Framingham, MA*

November 28, 2005

**BY FAX (978-975-4542)**

Domenic S. Terranova, Esq.
2350 Turnpike Street
North Andover, MA 01845-6347

      Re:    Lease and Rental Management Corp., d/b/a Auto-Use
      vs.    John W. Suydam, d/b/a World Class Auto

Dear Domenic:

    Enclosed please find a copy of my letter to you of October 26, 2005.

    To date, I have still not received a check for $3,850 and this is over one (1) month later. I really do not want to file a motion for contempt and for additional fees, but you leave me no choice unless you pay this court ordered amount.

    Please reply within the next few days.

    I remain

                      Very truly yours,

                      Evans J. Carter

EJC/aec
Enclosure

# EVANS J. CARTER, P.C.

P.O. Box 812
FRAMINGHAM, MA 01701
TELEPHONE: (508) 875-1669
TELEFAX: (508) 875-1449

*E-mail: ejcattyRA verifon.net*
*Office: 860 Worcester Road (Rt. 9), 2ⁿᵈ Floor*
*Framingham, MA*

December 14, 2005

**B Y *FAX & MAIL (978-975-4542)***
Domenic S. Terranova, Esq.
2350 Turnpike Street
North Andover, MA 01845-6347

      Re:    Lease and Rental Management Corp., d/b/a Auto-Use
      vs.    John W. Suydam, d/b/a World Class Auto

Dear Domenic:

    You have not responded to my letters of October 26, 2005 and November 28, 2005, both of which you received.

    It is noteworthy that Chief Justice Roberts' decision in the Martin case, decided December 7, 2005 (with all nine Justices in agreement) held that in wrongful removal cases, attorneys' fees should be granted.

    In any event, pursuant to Local Rule 7.1, I want to conference with you as I want the $3,850 court ordered fees paid to me. I will be in my office on Monday, December 19, 2005 at 9:00 p.m. to conference this over the telephone.

    I intend on filing a motion to order you and your client to pay this amount and for sanctions to dismiss your action, with prejudice, unless you contact me in or within five business days to resolve this matter. Quite frankly, it is contemptuous of the court order that you have refused and/or neglected to pay this or to even respond to my letters.

    Trusting you understand my position, I remain

                        Very truly yours,

                        EVANS J. CARTER

EJC/aec
bcc: Glenn Boghosian, Esq. (by fax)